CASE 6—ROAD CASE—DECEMBER 9.

# Commonwealth v. Kimberlin.

### APPEAL FROM FULTON CIRCUIT COURT.

The county attorney has the right in the name of the commonwealth to ask and prosecute an appeal to the circuit court from the judgment of a county court establishing an alteration in a public road.

JOHN RODMAN, Attorney-General, ⎱ . . . For Appellant,
T. O. GOALDER, . . . . . . ⎰

CITED

Revised Statutes, sec. 40, art. 1, chap. 80.
Revised Statutes, sec. 2, art. 7, chap. 27.

5 Monroe, 225, Commonwealth v. Dudley.
5 J. J. Marshall, 9, 41, 220.     2 Marshall, 503.
3 J. J. Marshall, 631.            3 Metcalfe, 284.
Revised Statutes chap. 39.
Session Acts, 1830, page 217.
Criminal Code, section 359.

A. D. KINGMAN, . . . . . . . . . . . For Appellee,

CITED

Revised Statutes, sec. 40, 2 Stanton, 294.
Revised Statutes, sec. 10, 2 Stanton, 408.
Revised Statutes, 1 Stanton, 187, 188.

JUDGE LINDSAY DELIVERED THE OPINION OF THE COURT.

The first section of article 3, chapter 4, Revised Statutes, makes it the duty of each county attorney to attend all county courts held in his county, and superintend and conduct all cases and business in the court touching the rights or interests of the county.

The 6th section provides that "he shall oppose the wrongful alteration or discontinuance of any public road."

Upon the application of appellee, Kimberlin, the County Court of Fulton County made an alteration in a public road in that county known as the "Shuck road." The county attorney, conceiving such alteration wrongful, opposed it in the county court, and prosecuted an appeal in the name of the commonwealth from the judgment thereof to the circuit court.

In that court, upon motion of appellee, the appeal was dismissed, and from the order dismissing it an appeal has been prosecuted to this court. It does not appear from the order of the circuit court that the appeal was dismissed for or on account of any failure upon the part of the appellant to comply with any of the provisions of the Civil Code regulating appeals in such cases; but we conclude from the argument of counsel, and from the fact that no other plausible ground can be conjectured, that the sole reason for the dismissal was the assumption that the county attorney had no

right to prosecute the appeal in the name of the commonwealth.

Section 40, article 1, chap. 84, Revised Statutes, authorizes the party aggrieved to prosecute an appeal from the judgment of a county court ordering an alteration in a public road to the circuit court, which latter tribunal shall have jurisdiction without a jury to try the law and facts of the case.

Section 20, Civil Code, gives the circuit courts appellate jurisdiction over the final orders of the county courts on the establishment, alteration, or discontinuance of ferries, mills and dams, roads and passways.

Any private citizen who will be affected by a proposed alteration in a public road may make himself a party to the proceeding, and if aggrieved by the final order of the county court prosecute an appeal to the circuit court. In this case the parties directly interested, those over whose lands the road was to be run, consented to the alteration, and it was only the general public that could be injured by the change. This general public it is made by law the duty of the county attorney to represent. In the discharge of this duty he opposed the alteration in the county court, conceiving the general public to be aggrieved by the action of that court. He prayed in the name of the commonwealth an appeal to the circuit court.

If the general public has been aggrieved, of which fact its chosen representative, the county attorney, must be allowed to be the judge, there can be no good reason why it should be denied the right of appeal, and there is nothing in the statutes authorizing appeals in this class of cases indicating any such intention upon the part of the law-making power.

Whether or not the county attorney has the right to represent the commonwealth in the circuit court it is not necessary to determine, nor is it material. In that court the general public has another representative, the attorney for the commonwealth, whose duty it is to look after its interest. We

hold that under existing laws the commonwealth has the right to prosecute an appeal to the circuit court in this case, and that the county court attorney of Fulton County had the right to ask and prosecute such appeal from the order of the county court.

Wherefore the judgment of the circuit court dismissing the appeal is reversed, and the cause remanded for further proceedings in the manner prescribed by the law governing such cases, and in accordance therewith.