Jefferson County v. Waters.

CASE 33—ORDER OF FISCAL COURT OF JEFFERSON COUNTY ALLOWING CLAIM OF L. B. WATERS AGAINST THE COUNTY OF JEFFERSON, AND APPEAL BY THE COUNTY OF JEFFERSON TO THE JEFFERSON CIRCUIT COURT—JUNE 14.

# Jefferson County v. Waters.

APPEAL FROM JEFFERSON CIRCUIT COURT, LAW AND EQUITY DIVISION.

JUDGMENT DISMISSING THE APPEAL AND THE COUNTY OF JEFFERSON APPEALS. REVERSED.

COUNTIES—POWERS OF COUNTY ATTORNEY—APPEAL FROM ORDER ALLOWING CLAIM AGAINST COUNTY.

Held: Under Kentucky Statutes, section 126, providing that each county attorney shall attend all county and fiscal courts in his county, "and oppose the allowance of all claims not legally presented or unjust," the county attorney was authorized to prosecute an appeal in the name of the county from an order of the fiscal court allowing a claim against the county, especially

where he was ordered by the county court to do so, though the fiscal court directed him to dismiss the appeal; it being provided by section 127 that the county attorney, "when so directed by the county or fiscal court," shall institute or defend and conduct actions, motions, and proceedings of every description in which the county is interested.

MORTON V. JOYES, FOR APPELLANT.

O'NEAL & O'NEAL, FOR APPELLEE.

(No briefs.)

OPINION OF THE COURT BY CHIEF JUSTICE PAYNTER—REVERSING.

The fiscal court of Jefferson county allowed the appellee $1,000 on a claim not necessary here to describe. The Jefferson county court made an order directing the county attorney to prosecute an appeal from the judgment allowing the claim to the Jefferson circuit court. Subsequently the appellee moved to dismiss the appeal, relying upon an order of the fiscal court which directed the county attorney to dismiss it. The court sustained the motion and dismissed the appeal. The only question involved here is whether the circuit court erred in dismissing the appeal, under the state of facts detailed. Section 978, Kentucky Statutes, provides that "appeals may be taken to the circuit court from all orders and judgments of the fiscal court or quarterly court in civil cases where the value in controversy, exclusive of interests and costs, is over twenty-five dollars. . . ." It is plain from the terms of the statute that either the claimant or the county may prosecute an appeal from a judgment of the fiscal court upon a claim presented to it, and upon which it passes. Two sections of the Kentucky Statutes relate to the duties of county attorneys, and they are as follows:

"Sec. 126. Each county attorney shall attend all county and fiscal courts held in his county, and conduct all cases

and business in said court touching the rights or interests of the county, and oppose the allowance of all claims not legally presented or unjust, and give the court and the several county officers legal advice concerning any county business within the jurisdiction of any of them.

"Sec. 127. He shall attend to the prosecution of all cases in his county in which the Commonwealth or county is interested; and, when so directed by the county or fiscal court, institute or defend, and conduct actions, motions and proceedings of every description, before any of the courts of this Commonwealth in which the county is interested, and shall in no instance take a fee or act as counsel in any case in opposition to the interests of the county. . . ."

Section 126 makes it the duty of the county attorney to oppose the allowance of all claims not legally presented or unjust, and we are of the opinion that from this provision the authority of the county attorney is implied to prosecute an appeal from an order allowing a claim against the county. If we are in error in this conclusion, then it is perfectly plain that he has such authority when the county court orders him to do so. Section 127 makes it the duty of the county attorney, when directed by the county or fiscal court, to institute or defend and conduct actions, motions and proceedings of every description before all courts of the Commonwealth in which the county is interested. The right to institute, defend, and conduct actions, motions, and proceedings of every description includes the right to prosecute an appeal from the action of a court as to a matter in which the county is interested, when directed by the county court. The authority to give such directions seems to be vested in the county or fiscal court. If the fiscal court can make an allowance, and then prevent, by its

order, the county attorney from prosecuting an appeal
from it, although directed to conduct it by the county.
court, it has the power to say that there shall be no ap-
peal by the county from its judgment, except with its con-
sent.  We are of the opinion that the order of the county
court directing the county attorney to prosecute the ap-
peal can not be superseded or rendered ineffectual by the
action of the fiscal court in attempting to control the ap-
peal.  The county attorney is the law officer of the county,
to look after its business and prosecute and defend actions
against it; and it seems to us that, where a claim has been
allowed against the county by the fiscal court, it ought not
to be heard to object to having a court of appellate juris-
diction review its action.  We do not pass upon the mer-
its of the issue between appellant and appellee, but re-
verse the case, with directions that the order dismissing
the appeal be set aside, and that it be restored to, the
docket.