CASE 6—ACTION BY L. B. WATERS, COUNTY TREASURER, AGAINST JEF-
FERSON COUNTY TO RECOVER SALARY.—OCTOBER 22.

# Jefferson County v. Waters.

APPEAL FROM JEFFERSON CIRCUIT COURT, LAW AND EQUITY DIVISION.

JUDGMENT FOR PLAINTIFF AND DEFENDANT APPEALS. REVERSED.

COUNTY OFFICERS—TREASURER—SALARY—INCREASE DURING TERM—
VALIDITY—CLERK HIRE.

Held: 1. Kentucky Statutes, section 934, provides that county treas-
urers shall receive for their services as compensation a sal-
ary not to exceed $1,000 per annum, to be fixed by the fiscal
court; and Const., section 161, declares that the compensation
of any county officer shall not be changed after his election
or appointment, or during his term of office. HELD, that
where a county treasurer's salary was fixed at $1,000 per an-
num at the time of his election, the fact that at that time
it was not understood that he would be required to perform ser-
vices that he was subsequently required to perform, but which
he was in fact liable to perform at the time of his election,
did not authorize the fiscal court to grant such treasurer an
additional allowance of $1,000 for such services.

2. Such increase was not sustainable on the ground that it was voted
for clerk hire, made necessary by the increased duties.

SAMUEL B. KIRBY, COUNTY ATTORNEY, FOR APPELLANT.

1. In the absence of express statutory authority, a fiscal court
can not allow a county treasurer expenses for clerical assist-
ance. Am. & Eng. Ency. of Law, vol. 7, p. 926; Morgantown
Dep. Bank v. Johnson, 22 R., 210; Con. of Ky., 162; Peo-
ple v. Albany Supervisors, 28 Howard Prac.; People v. Su-
pervisors Fulton Co., 14 Barb. R., 56; Robinson v. County of
Sacramento, 16 Cal.

2. No one can become a creditor of a county without a con-
tract or agreement made before the services are rendered.
Am. & Eng. Ency. of Law, vol. 7, p. 947; Epperson v. Shelby
County, 7 Lea (Tenn.) 275.

O'NEAL & O'NEAL, ATTORNEYS FOR APPELLEE.

After the election of appellee as county treasurer and the

execution of his bond and the fixing of his salary at $1,000 per year, it became necessary under the construction of this court for him to receive and handle all of the county moneys, including that derived from the taxation of all property within the corporate limits of the city, and it therefore became necessary for him to receive and distribute hundreds of thousands of dollars. In order to do this, and to protect the county money, he was compelled to execute a new bond at a large expense and to employ an assistant in his office to help him do the actual necessary clerical work.

Now, the contention in this case is, not that the salary could be increased, for we concede that this can not be done during his term; but this record concedes that the allowance made by the fiscal court is to cover actual expense absolutely necessary to the preservation of the county funds, and this additional expense has been paid out of appellee's own pocket.

He received only $1,000 salary allowed by law, the remainder being intended by the fiscal court to provide the necessary expense to protect the county fund.

The question, therefore, arises, whether in a case like this, it is within the power of the fiscal court to provide for expenses that are absolutely necessary to properly preserve the county funds?

It is conceded that the treasurer, with all this added revenue on his hands, can not render the actual physical work necessary to attend to the county's business, however efficient he may be; but that, in order to do the work of the county it is necessary to have an assistant in his office.

### AUTHORITIES CITED.

Joyes v. Fiscal Court, 21 R., 199; Briscoe v. Clark, 95 Ill., 309; Throop on Pub. Officers, p. 529, p. 571, sec. 495; Powell v. Newberg, 19 Johns. (N. Y.), 284; U. S. v. Stowe, 19 Fed. Rep. (U. S.) 807; Lawrence v. McAlvin, 109 Mass., 311; Barnett v. Patterson, 48 N. J. L., 395; Am. & Eng. Ency. of Law, vol 19, p. 540; 18 Johns. (N. Y.) 242; 77 Ia., 345; 29 Pa. St., 38; 112 U. S., 88; 15 Howe P. R. (N. Y.) 225; 2 Story, U. S., 202; 19 Fed. R., 807; 29 Pa. St., 417; 2 Ct. of Cl., 217; Glenn Case, 4 Ct. of Cl., 501; Sneffin v. N. Y, 4 Sandf. N. Y., 163; Washington Co. Ct. v. Thompson, 13 Bush, 239; Rodman, &c. v. Justices of Larue Co., 3 Bush, 144.

OPINION OF THE COURT BY JUDGE WHITE—REVERSING.

This is the second appeal in this case. The former opin-

Vol. 114—4

ion was rendered June 14, 1901. 111 Ky., 286, 23 R., 669, 63 S. W., 613. The former opinion does not disclose the facts, and did not discuss the merits of this case. The appellee, Waters, is the county treasurer of Jefferson county. Before his election the salary of that office was fixed at $1,000; the county, of course, furnishing his office, and fuel, lights, and janitor service. Appellee presented a petition to the fiscal court, and asked for and obtained an additional allowance of $1,000 as expenses of the office, to be paid annually. This order was made in February, 1900. From this allowance the county appealed to the circuit court. In that court an amended petition was filed, which set out substantially these facts, viz.: That when appellee was elected county treasurer, and when the salary was fixed by the fiscal court at $1,000, it was thought that under the law the county levy did not extend over property in the city of Louisville, but only reached property outside of Louisville; and that since appellee's election, and since the salary was fixed at $1,000, it had been legally determined that the county levy extended over all the property in the county, including property in the city; and that this decision added to the amount of money coming into his hands by about $140,000—that is to say, before the levy was held to cover the city of Louisville the gross amount received and disbursed by the county treasurer was about $60,000, and since the adjudication that the levy covered the city of Louisville the gross amount received and disbursed was about $200,000; that the duty of accounting for this additional sum was not intended to be covered by the salary of $1,000 fixed. These facts were confessed by the county on demurrer to the petition, which the circuit court overru'ed, and upon failure to plead judgment was rendered approving and confirming the allowance made by the fiscal

court, and directing the appellant county to pay that sum, $1,000, in addition to the fixed salary.

Section 161 of the Constitution provides: "The compensation of any city, county, town or municipal officer shall not be changed after his election or appointment or during his term of office." We have held that this provision prevented payment to the circuit court clerks of a fee for services in felony cases, because that would increase his compensation. Com. v. Carter, 21 R., 1509, 55 S. W., 701. We have also held that the county could not pay the county court clerk for copying the census reports of school children. Bank v. Johnson, 108 Ky., 507, 22 R., 210, 56 S. W., 825. The reason in the two cases supra is the same—that it would be an increase in the compensation of the officer after his election. But here it is said that when the salary was fixed the whole service that appellee, as treasurer, was required to perform was not considered, because it was not in fact known. This may be true, yet all must concede that such was in fact the duty of the county treasurer. He was obliged to receive and account for all moneys due and payable to the county. To add an additional sum of $1,000 per annum would be to change his compensation. But it is further argued that this additional sum is for clerk hire, necessary to properly attend to the duties of his office. When appellee was elected he undertook to perform the duties of the office of county treasurer, to give his whole time to that office, and the salary was fixed at $1,000. We know of no authority, in the face of this constitutional provision, that will authorize the fiscal court to make appellee an allowance to pay for services he undertook to perform. If the fiscal court can make the allowance for clerk hire as necessary expenses of the office, the constitutional provision, as well as the statutory limitation (section 934), would amount

to nothing; the salary of the county judge could be increased, so could that of the county attorney, without limit. It may be, and probably is, true that the salary of $1,000 is too small, but, in view of the constitutional provision, it must remain the compensation of appellee during his present term of office.

If the present allowance can be made notwithstanding the Constitution and the statute (section 934), the compensation could be changed whenever the levy was changed, or the amount received by the treasurer varied from that of the year in which the salary was fixed. That would be every year. If the amount of money that came to appellee had been intended to be the basis of compensation, the fiscal court should have made his salary a per centum, instead of the fixed sum; but the maximum would be $1,000 by the statute. In our opinion, there was no authority in the county fiscal court to make the allowance.

Judgment reversed, and cause remanded, with directions to sustain the demurrer to the petition, and for proceedings consistent herewith.