Case 58.—APPEAL BY THE COUNTY OF JEFFERSON TO THE CIRCUIT COURT FROM AN ORDER OF THE FISCAL COURT OF SAID COUNTY TO PURCHASE CERTAIN PLATS FOR THE USE OF THE COUNTY ASSESSOR.— May 5.

## Jefferson County v. Young.

Appeal from Jefferson Circuit Court, Common Pleas Branch (Third Division).

Upton W. Muir, Circuit Judge.

From a judgment dismissing the appeal the county appeals. Reversed.

Jefferson County v. Young.

Fiscal Courts—Appropriations—Appeals to Circuit Court—Bill of
  Exceptions — Jurisdiction — Authority   Over   Assessments —
  County Assessor.

1. Fiscal Courts—Appropriations—Appeal to Circuit Court—Bill of
   Exceptions—Under sections 724, 731 of the Civil Code, regu-
   lating appeals from fiscal courts to the circuit court, such
   cases are to be tried anew when appealed to the circuit court
   as if no judgment had been rendered, and no bill of excep-
   tions is necessary.
2. Jurisdiction—Authority Over Assessments—County Assessor—
   The fiscal court is one of limited jurisdiction and authority,
   and has no power to make an assessment of the property of
   the county for taxation, and has no control over the county
   assessor, and such court has no authority to employ a sur-
   veyor or to purchase plats of land made by such surveyor
   in order to enable the county assessor to fix the boundary
   of lands to be assessed for taxation in said county.

R. W. BINGHAM, county attorney, for appellant.

1. It will be seen by an examination of the record that ap-
pellee's motion to dismiss upon the face of the papers was made
long before the case was called for trial and was in the nature
of a demurrer, and is based upon the idea that this motion should
prevail in the absence of a bill of exceptions, the appellee con-
tending that this action does not come up de novo, but can only
be heard upon appeal as in the road cases from the county court.

2. This is an appeal from the fiscal court to the circuit court,
and there is no provision in the statute holding that the judge
shall sit in the trial of these cases without the assistance of a
jury.  Moreover, there is no provision in the statute authorizing
the fiscal court to prepare and certify a bill of exceptions.  Bills
of exception were unknown to the common law and are purely
statutory in origin.

3. Chapter 2, title 16 of the Code, sec. 724 to 731, inclusive,
contain the law concerning appeals to the circuit court from courts
on inferior jurisdiction, except where, as in the road cases, special
provisions were made otherwise.

This chapter applies to all appeals to the circuit court, and sec.
726 expressly provides that appeals shall be tried anew as if no
judgment had been rendered.

4. The main question involved is the right of the fiscal court
to appropriate $2,000 of the county's money to purchase maps
from its own officer, the county surveyor, for the benefit of the
assessor.

5. We maintain that the Legislature in that chapter of the

statute for levying taxes having defined the duties of the assessor with reference to the taxation of property, excluded all possible claim of right or authority on the part of the fiscal court to furnish a map or any other means for the assessment of land in the county.

### AUTHORITIES CITED.

Gen. Stats., sec. 43c, 94; Ky. Stats., sec. 4303; Am. & Eng. Ency. of Plead. & Prac., vol. 3, p. 380; Code, chap. 2, title 16, secs. 724 to 731; Ohio County v. Newton, 79 Ky., 267; Crittenden County Court v. Shanks, 88 Ky., 475; Smith v. McMeekin, 79 Ky., 24; Morris v. Salle, 14 Ky. Law Rep.,117; Laytham v. Nelson, 4 Ky. Law Rep., 263; County of Jefferson v. Waters, 23 Ky. Law Rep., 669; Ky. Stats., sec. 1840; Constitution, sec. 126; Morgantown Deposit Bank v. Johnson, 22 Ky. Law Rep., 210; Ky. Stats., sec. 4449; Pflanz, Sheriff, v. Stone, &c., 99 Ky., 647; Erskine v. Steele Co., 28 L. R. A., 645; John B. Daniel v. County of Putnam, 54 L. R. A., 292; McCann v. Otoe Co. Com., 9 Neb., 324; Manitowoe Co. v. Sullivan, 5 Wis., 115; Merrick Co. Com. v. Batty, 10 Neb., 176; Gould v. Sterling, 172; Brady v. New York, 20 N. Y., 312; Keller v. Hyde, 20 Cal., 593; Johnson v. Santa Clara Co., 28 Cal., 545; Bicknell v. Amador Co., 30 Cal., 237.

O'NEAL & O'NEAL for appellee.

1. Without a bill of exceptions the circuit court and this honorable court must try on the record as made by the fiscal court. The case could not be heard de novo. The authorities on this subject are conclusive, and we imagine will not be questioned.

2. The circuit court and this honorable court must therefore assume the following facts to be true:

"Moved by Shively, seconded by Shadburne, that whereas, the assessor of Jefferson county has notified this court that the records for the county outside the city of Louisville are in such condition that it is difficult, and in some cases impossible, to make a correct or accurate assessment of property in said locality for taxation and that the county is in danger of losing revenue by reason of the condition of such records, and the impossibility of correctly ascertaining the quantity and ownership of such land without a survey, etc."

3. Section 1840, Ky. Stats., expressly authorizes the fiscal court "to regulate and control the fiscal affairs and property of the county."

4. The corporate powers of the county are expressly vested in the fiscal court, and the question of taxation is in the hands of that court.

AUTHORITIES CITED.

Hoffman v. B. of Com. Lake Co., 96 Ind., 84; Biggs v. Caldwell Co., 28 Mo., 586; Burnett v. Markley, 23 Oregon, 436; Tasker v. Garrett Co., 86 Md., 150; Stamp v. Cass Co., 47 Mich., 330; Secs. 987 and 4303, Ky. Stats.; Crittenden County Court v. Shanks, 88 Ky., 475; Smith v. McMeekin, 79 Ky., 24; Morris v. Salle, 14 Ky. Law Rep., 117; Turnpike Co. v. French, 8 Ky. Law Rep., 355; Laytham v. Wilson, 4 Ky. Law Rep., 263; Secs. 1840, 1866, 1877 and 1882, Ky. Stats.; Lee, &c. v. Pendleton Co. Court, 14 Ky. Law Rep., 159.

OPINION BY CHIEF JUSTICE HOBSON.—Reversing.

The fiscal court of Jefferson county on December 2, 1902, made the following order:

"Moved by Shively, seconded by Shadburne, that whereas, the assessor of Jefferson county, has notified this court that the records of the county outside the city of Louisville are in such condition that it is difficult, and in some cases impossible, to make a correct or accurate assessment of property in said locality for taxation, and that the county is in danger of losing revenue by reason of the condition of such records, and the impossibility of correctly ascertaining the quantity and ownership of such land without a survey.

"And it appears that R. H. Young, county surveyor, has, at considerable expense and labor, made accurate plats of a portion of the land referred to, and is willing to sell the same to the county for a reasonable compensation.

"It is resolved that this court shall purchase the said plats, a list of which has this day been filed with this court, and will pay the said R. H. Young therefor the sum of two thousand ($2,000) out of the map fund, and that the clerk of this court is ordered to issue a warrant for the same on the delivery of the said plats.

"Ayes and noes were called for, and resulted five in favor and four against, and the motion was declared carried."

The county attorney took an appeal to the circuit court. The circuit court held that a bill of exceptions was necessary, and, there being none, dismissed the appeal on the ground that the order was within the authority of the fiscal court. From this judgment the appeal before us is prosecuted.

Section 978, Ky. Stats., 1903, so far as material, reads: "Appeals may be taken to the circuit cou from all orders and judgments of the fiscal court r quarterly court in civil cases where the value in controversy, exclusive of interest and costs, is over twenty-five dollars." As the amount in controversy is over $25, the appeal to the circuit court may be maintained, and the county attorney was authorized to prosecute it when so directed by the county court. (Jefferson County v. Waters, 111 Ky., 286, 63 S. W., 613.) The statute above quoted does not provide how the appeal shall be taken. Sections 700-723 of the Civil Code of Practice regulate proceedings in quarterly, police, county, and justices' courts. Sections 724-731 regulate appeals from their judgments. Fiscal courts are not named in these sections, but county courts are. At the time of the adoption of the Code, the fiscal court, had not been established. The powers now vested in the fiscal court were then exercised by the county court when sitting as a court of claims. Section 978, Ky. Stats., 1903, is a re-enactment of the General Statutes' provision as to appeals from county and quarterly courts, the words "fiscal courts" being added after the creation of that court under the new Constitution. Under the General Statutes appeals were taken from orders of the county courts when sitting as a court of claims

under the provisions of the Code above referred to, and, in re-enacting the statute, the Legislature plainly had in mind only continuing the old law.  The Code of Practice has not been revised since 1877, and therefore fiscal courts are not named in it, but all the powers exercised by the fiscal court were exercised by the county court under the old law.  In providing that appeals may be taken from the orders of the fiscal courts without any provisions as to how they are to be taken, it must be presumed that the Legislature, in re-enacting the old statute, did not intend to change the method of taking these appeals, as it was silent on this subject.  The fiscal court being only another name for the same body which was designated in the Code by the words "county courts," and the law allowing appeals from these judgments having been simply re-enacted without change, it must be presumed that the Legislature did not contemplate changing the old law as to the method in which appeals should be taken.  We, therefore, conclude that secs. 724-731 of the Civil Code of Practice regulate appeals from fiscal courts to the circuit courts, and that as the cases are to be tried anew as if no judgment had been rendered, no bill of exceptions is necessary.

It remains to determine whether the fiscal court had authority to make a contract with appellee to pay him $2,000 for the plats referred to in the order.  It is insisted that the fiscal court was authorized to buy the plats in order to secure a proper assessment of the taxpayers of the county and thus protect its revenues, if, in the judgment of the fiscal court, it was necessary to do so.  The jurisdiction of the fiscal court is regulated by section 1840, Ky. Stats., 1903, which is as follows:  "The fiscal court shall have jurisdiction to appropriate county funds authorized by law to be appropriated; to erect and keep in repair necessary pub-

lic buildings, secure a sufficient jail and a comfortable and convenient place for holding court at the county seat; to erect and keep in repair bridges and other structures and superintend the same; to regulate and control the fiscal affairs and property of the county, to make provisions for the maintenance of the poor, and provide a poor house and farm, and provide for the care, treatment and maintenance of the sick poor, and provide a hospital for said purpose, or contract with any hospital in the county to do so, and provide for the good condition of the highways of the county, and to execute all of its orders consistent with the law and within its jurisdiction, and shall have jurisdiction of all such other matters relating to the levying of taxes as is by any special act now conferred on the county court of levy and claims." It will be observed that the fiscal court is authorized by the statute to appropriate the county funds, authorized by law to be appropriated, to erect and keep in repair public buildings, including a jail and a place for holding court at the county seat, to erect and keep in repair bridges and other structures, make provision for the poor, provide for the good condition of the highways of the county, and that it had jurisdiction of all such matters relating to the levying of taxes as is by any special act conferred on the court of claims or county court. It is impossible to read this section, which so carefully enumerates what the fiscal court may do, without concluding that the Legislature intended to restrict the fiscal court to the things named and such matters as were incidental thereto. The power to regulate and control the fiscal affairs and property of the county must be read in connection with the other provisions of the section. If these words were intended to give the fiscal court unlimited jurisdiction over the fiscal

affairs of the county, then it was entirely unnecessary to stipulate in such detail what powers the fiscal court might exercise. It will be observed that the statute confers on the fiscal court no power to make an assessment of the property of the county. By sec. 1882, Ky. Stats., 1903, the fiscal court is authorized to levy a tax, but by sec. 1883 it is provided that the assessment made for State purposes, when supervised as required by law, shall be the basis for the levy and collection of the tax. The fiscal court may supervise the collection of the tax when levied, but it is given no authority in the matter of assessment. If any property is omitted by the assessor, it may be assessed by other officers, or by a proceeding in the county court, under sec. 4241, Ky. Stats., 1903, but no assessment can be made by the fiscal court for simply county purposes. The assessment is made by the State, and the county levy is collected upon the State assessment. The assessor is paid by the State for making the assessment. The fiscal court has no authority over him. If it bought plats from appellee, it could not require the assessor to use them. If the fiscal court had made an order employing a man in each magisterial district, at an annual salary, to go around with the assessor and see that no property was omitted from assessment, it would hardly be claimed that this was within the power of the fiscal court, although the court believed that the additional revenue thus derived by the county would more than pay the expense. The assessor is an officer of the law. If he fails in his duty, he and his sureties are liable. But as he does not derive his authority from the fiscal court, and as it has no jurisdiction over the assessment of property, it was without power to buy the plats referred to for the purpose of securing a better assessment of the property of the county.

We are referred to Burnett v. Markley, 23 Or., 436, 31 Pac., 1050, and Hoffman v. Board of Commissioners, 96 Ind., 84. In the Oregon case an order of the fiscal court much like the one in controversy was sustained, but the opinion is based upon the ground that there it is the "business" of the county authorities "to see that all the property within the county liable for taxaion is placed upon the assessment roll." As we have said, no such power or duty rests upon the fiscal court in this State. In the Indiana case the court upheld an order of the fiscal court securing an accurate index of the records of the county, but this decision is rested upon the ground that the county authorities are clothed with power to keep their records in such condition as to make them subserve the purpose for which they were intended. This case has no application to the question before us. The deed books kept in the county clerk's office are a public record kept at the county seat for the use of the people of the county. They are in a sense county property, and are a necessary adjunct to the county seat. The fiscal court may properly preserve these records or make them accessible, for it must provide suitable conveniences for the county seat. But it has no more power to buy plats to aid the assessor than it would have to employ an attorney at the cost of the county to assist the auditor's agent in all proceedings under sec. 4241, Ky. Stats., 1903, to list omitted property. Its powers are special, not general. (Morgantown Deposit Bank v. Johnson, 108 Ky., 507, 22 Ky. Law Rep., 210, 56 S. W., 825; Jefferson County v. Waters, 114 Ky., 48, 24 Ky. Law Rep., 816, 70 S. W., 40; Erskine v. Steele County (N. D.), 60 N. W., 1050, 28 L. R. A., 645; Daniel v. Putnam County (Ga.), 38 S. E., 980, 54 L. R. A., 292; Bickell v. Amador County, 30 Cal., 237; McCann v. Otoe County, 9 Neb., 324, 2 N. W.,

707; Manitowoc County v. Sullivan, 51 Wis., 115, 8 N. W., 12; Merrick County Commonwealth v. Batty, 10 Neb., 176, 4 N. W., 959; Gould v. Sterling, 23 N. Y., 463.

Judgment reversed, and cause remanded for a judgment as herein indicated.