CASE 45.—PROCEEDINGS FOR THE ESTABLISHMENT OF A
HIGHWAY IN BRECKINRIDGE COUNTY IN WHICH
CERTAIN DAMAGES WERE AWARDED TO W. E.
RHODES.—December 6.

# Breckinridge County v. Rhodes

Appeal from Breckinridge Circuit Court.

WEED S. CHELF, Circuit Judge.

From a judgment dismissing the appeal the county
through its county attorney appeals—Reversed.

District and Prosecuting Attorneys—Authority of County Attor-
ney—Appeals.—Under Ky. Stats., 1903, sections 126, 127, 129,
978, 4303, requiring the county attorney to attend courts in
his county, conduct all cases touching the interests of the
county, oppose the allowance of all unjust claims, and author-
izing appeals to the circuit court from judgments of the fiscal
court in civil cases and to the circuit court from the decision
of the county court in proceedings for establishing highways,
etc., the county attorney may without order from the county
or fiscal court appeal from an allowance of damages awarded
to an owner over whose land a proposed highway is to run;
section 127 not imposing any limitation on the authority of
the county attorney.

GUS BROWN, County Attorney, for appellant.

The contention of appellant is that the county attorney may, in
all cases where an appeal by law is permitted, make such appeal
on his own motion from an order of the county court, without
permission from, or order on the part of the county judge per-
mitting him to do so.

AUTHORITIES CITED.

County of Jefferson v. Waters, 23 Ky. Law Rep., 669; Comth.

v. Kimberlin, 8 Bush, 444; Montgomery County v. Tipton, 15 S. W., 249; Ky. Stats., sections 126, 127, 129, 978, 4303; Gen. Stats., section 6, art. 3, ch. 5; Civil Code, section 729.

MURRAY & MURRAY for appellee.

The appellee contends:

1. That the county attorney has, under the statutes, no authority to appeal without an order of the county court directing him to do so; or,

2. He should have awaited a rejection of said claim by the fiscal court, and by order of the fiscal court, if such action be taken by the fiscal court, forced the appellee to appeal; or

3. If the fiscal court should have allowed said claim, he should have, as provided by law, appealed from said allowance.

4. Or, he should have procured an order from the fiscal court directing him to appeal.

## AUTHORITIES CITED.

Ky. Stats., sections 126, 127, 4303; Jefferson County v. Waters, 111 Ky., 286; Comth. v. Kimberlin, 8 Bush, 444; Montgomery County v. Tipton, 15 S. W., 249; Gen. Stats., art. 3, ch. 5, sec. 7.

OPINION OF THE COURT BY WM. ROGERS CLAY, Commissioner—Reversing.

Willis Green and others on the 30th day of April, 1907, filed in the county court of Breckinridge county their petition for the opening of a new road. By consent of the parties, a jury was waived and the question of damages accruing to those over whose land the proposed road was to run was submitted to the county court. This court awarded appellee W. E. Rhodes the sum of $850. The county attorney of Breckinridge county, believing that the allowance of $850 was excessive, appealed on his own motion, and without any order from the county or fiscal court, to the circuit court of Breckinridge county from so much of the order as allowed appellee the sum of $850.

When the case came on for hearing before the circuit court, appellee moved to dismiss the appeal on the ground that the county attorney was not authorized by any order of the county or fiscal court to prosecute the appeal. Thereupon the circuit court entered an order dismissing the appeal, and, from that order, the county of Breckinridge is here on appeal.

For the purpose of getting the question involved fairly before us, it will be necessary to set out the following sections of the Kentucky Statutes of 1903:

"Sec. 126. Each county attorney shall attend all county and fiscal courts held in his county and conduct all cases and business in said court touching the rights or interests of the county, and oppose the allowance of all claims not legally presented or unjust, and give the court and the several county officers legal advice concerning any county business within the jurisdiction of any of them.

"Sec. 127. He shall attend the prosecution of all cases in his county in which the Commonwealth or the county is interested; and, when so directed by the county or fiscal court, institute or defend and conduct actions, motions and proceedings of every description, before any of the courts of this Commonwealth in which the county is interested, and shall in no instance take a fee or act as counsel in any case in opposition to the interests of the county. He shall also attend the circuit courts held in his county, and aid the Commonwealth in all prosecutions therein, and in the absence of an acting Commonwealth attorney, he shall attend to all Commonwealth's business in said courts."

"Sec. 129. He shall oppose the wrongful opening, alteration or discontinuance of any public road, and oppose the improper granting of tavern, merchant's

and drug license, and may, if he thinks a license has been improperly granted, prosecute an appeal without security to the circuit court in the name of the Commonwealth."

"Sec. 4303. No appeal shall lie to the Court of Appeals from the decision of a county court ordering a new road to be opened, or refusing such an order, or ordering an alteration in a road, or refusing the same, or discontinuing a road, or refusing such discontinuance, allowing gates to be erected across a road, or refusing to allow the same, or abolishing such gates. But in all such cases, the party aggrieved may prosecute an appeal within sixty days by executing bond as required in other cases to the circuit court of the county, and the appeal shall be tried de novo; and from the decision of the circuit court either party may prosecute an appeal to the Court of Appeals, and the latter court shall have jurisdiction only of matters of law arising on the record of such cases."

"Sec. 978. Appeals may be taken to the circuit court from all orders and judgments of the fiscal or quarterly court in civil cases where the value in controversy is over fifty dollars, exclusive of interest and costs, * * * and in all other cases allowed by law."

From the above sections of the Kentucky Statutes, it will appear that the county attorney must oppose illegal claims and unjust allowances of public money; that he must give legal advice to the county officials; that he must prosecute all cases on behalf of the county; that he must oppose the wrongful opening, alteration, discontinuance of any public road, and the wrongful and improper granting of tavern, merchant's, or drug license, and may, if he thinks a

license has been improperly granted, prosecute an appeal to the circuit court. It is the contention of counsel for appellee that the validity of the order opening the new road is not called in question; that the only question involved is the amount of damages allowed appellee; that, while the right of appeal is given by section 4303, that right is subject to the limitation prescribed under section 127, which gives authority to the county attorney to prosecute an appeal only in the event of an order from the county or fiscal court; that, as this appeal was prosecuted without any such order from either court, the circuit court properly dismissed the appeal. The county attorney is the legal representative of the county. He is also the chosen legal representative of the people to see that no illegal nor wrongful appropriation of the public funds of the county is made. For the purpose of carrying out the mandatory provisions of the Statutes, it is frequently necessary to call in question the action both of the county and fiscal courts. While these courts are separate, yet in a sense they are closely connected. The county judge, aside from constituting the county court, is a member of the fiscal court. The relations between the justices of the peace and the county judge, all of whom compose the fiscal court, are usually quite close, and the influence of each of these courts upon the other cannot be overlooked in determining this question. If appellee's contention be correct, the county attorney, although he believed that unjust claims had been allowed, could not properly protect the interests of the county, for the reason that neither the county court nor the fiscal court would authorize an appeal. Men in every public capacity desire their official acts to meet with public approval, and, for this reason,

they might be slow in directing any one to take steps that in all probability would cast disapproval upon such acts. If, then, either the county or fiscal court acted upon a matter involving the interests of the county, and the county had no right of appeal, because neither of these courts would sanction an appeal, it would necessarily follow that in those cases, where an appeal was most necessary, the county would be in a helpless condition.

In discussing this question, it is not our purpose in the least to reflect upon the men constituting our county and fiscal courts, for we are of the opinion that in by far the greater number of the counties of this Commonwealth these men are conscientious, faithful, and efficient officers. Now and then, however, there are officers who do not perform their duties as they should, or perform them in such a manner as to be subversive of the true interests of the people. For the purpose of meeting the latter condition, no limitation should be put upon the rights of the courts to review their action, unless it appears from the Statutes that the Legislature plainly intended it. To hold that the courts making the error are vested with the sole power of determining whether or not an appeal should be prosecuted from their judgment would virtually be to deny the right of appeal in the very cases where the interests of the county demand it. If the county attorney, believing firmly that the action of the county or fiscal court was improper, had to turn to these courts and ask the right to prosecute an appeal for the purpose of reviewing their action, we fear that, instead of being the legal representative of the county and its people, he would become the mere tool of the county or fiscal court. It may be contended that to allow the county

attorney to prosecute an appeal on his own motion would be vesting in him an authority that would be dangerous, but it is hardly probable that he would undertake an appeal, unless he conscientiously believed that such act on his part was due to the people of his county. It is not likely that he would be actuated by any other motive, for the law prescribes no additional remuneration for such labors. However, if he should be actuated by improper motives, no harm could be done either the county or fiscal court, for the questions involved would be finally determined by this court.

Counsel for appellee relied upon the case of Montgomery County v. Tipton, 15 S. W. 249, 12 Ky. Law Rep. 847. In that case the court said: "There is no provision requiring the county attorney to oppose the opening of a new road, and, while we think such a duty is incumbent upon him when the county court determines the necessity for the road and establishes it, no appeal should be allowed unless directed by the county court, conceding that the right of appeal exists in behalf of the county. The statute provides that it shall be the duty of the county attorney, when directed by the county court, to institute and conduct suits, motions, and prosecutions of every description before any of the courts of this Commonwealth in which the county is interested. In this case the county court wants the road established, and, in our opinion, the appeal in such a case should be dismissed." Prior to this decision, this court, in Commonwealth v. Kimberlin, 8 Bush, 444, laid down the following rule: "Any private citizen who will be affected by a proposed alteration in a public road may make himself a party to the proceeding, and, if aggrieved by the final order of the county court,

prosecute an appeal to the circuit court. In this case the parties directly interested, those over whose lands the road was to be run, consented to the alteration, and it was only the general public that could be injured by the change. This general public it is made by law the duty of the county attorney to represent. In the discharge of this duty, he opposed the alteration in the county court, conceiving the general public to be aggrieved by the action of the court. He prayed in the name of the Commonwealth an appeal to the circuit court. If the general public has been aggrieved, of which fact its chosen representative, the county attorney, must be allowed to be the judge, there can be no good reason why it should be denied the right of appeal, and there is nothing in the statutes authorizing appeals in this class of cases indicating any such intention upon the part of the lawmaking power." We confess that the reasoning of this latter case appeals more strongly to us than that of the case of Montgomery County v. Tipton, supra. In the recent case of Jefferson County v. Waters, 111 Ky. 286, 23 Ky. Law Rep. 669, 63 S. W. 613, the court held: "The right to institute, defend, and conduct actions, motions, and proceedings of every description includes the right to prosecute an appeal from the action of a court as to a matter in which the county is interested, when directed by the county court." In discussing the question, however, this court used the following language: "Section 126 makes it the duty of the county attorney to oppose the allowance of all claims not legally presented or unjust, and we are of the opinion that from this provision the authority of the county attorney is implied to prosecute an appeal from an order allowing a claim against the county. If we are in error in this

conclusion, then it is prefectly plain that he has such authority when the county court orders him to do so." In that case the county court ordered the county attorney to take the appeal, and, of course, the same question involved in this case was not there involved. As neither of the courts in this case authorized the appeal, the direct question is before us whether the county attorney can prosecute an appeal without such authority. We now adopt the above language of this court in Jefferson County v. Waters, supra, and hold that the authority of the county attorney is implied to prosecute an appeal in all cases where an appeal is allowed by law; and, in reaching this conclusion, we do not think that section 127 imposes any limitation upon the authority of the county attorney. From the language therein used, it is apparent to us that the purpose of that section was to make it his mandatory duty to take appeals when directed by either the county or fiscal court. In other words, if either court should enter an order directing an appeal, it is made his absolute duty to comply with that order. We do not believe, from the language used, that the Legislature intended that, in the absence of such an order, he could not, as the legal representative of the county, protect its interests by prosecuting an appeal.

Judgment reversed, and cause remanded for proceedings consistent with this opinion.