# Oldham County ex rel. Woolridge, County Attorney, v. Arvin, County Road Engineer, et al.

(Decided June 17, 1932.)

D. E. WOOLRIDGE for appellant.

J. BALLARD CLARK for appellees.

OPINION OF THE COURT BY JUDGE THOMAS—Affirming.

Emart Arvin is now, and has been for a number of years past, the county road engineer of Oldham county. Throughout his services as such (according to the allegations of the petition, which are not denied), he owned an automobile which he employed in the discharge of his duties as such officer. During that time, by tacit or express consent (but without any record authority for it), he obtained gasoline for the operation of his automobile from the county supply of that article, and likewise obtained the necessary accessories therefor, at the expense of the county. His last election or appointment to that office was on December 2, 1931, and which was for a term of two years beginning January 1, 1932. Following the beginning of that term, and on April 5, 1932, the fiscal court of the county made and entered upon its record this order:

> "On motion of Sq. Kerlin, seconded Sq. Able, duly carried, that this Court agrees to continue to furnish the County Road Engineer Arvin with accessories for his automobile. Vote for, Abbott, Kerlin, Able, Dick, Varble, against Thompson, Davis, Renaker. Motion carried."

Thereafter and on April 22, 1932, this declaratory judgment action was filed by Oldham county "on relation of D. E. Woolridge, county attorney; and D. E. Woolridge individually," against Arvin, the engineer, and the members of the fiscal court, including the county judge, and in the petition the above facts were recited, with references to certain statutes, which plaintiffs claim affect the right of the county to defray such expenses of its road engineer. The pleader elaborates upon such supposed pertinent facts, and says that they create a number of controverted questions, and which, as propounded to the court, are:

> "1. Has the Oldham County Fiscal Court the right to furnish defendant, Emart Arvin, or pay

for gasoline, oil, tires, parts, or mechanical labor, in the operation and upkeep of his automobile while he is County Road Engineer of Oldham County?

"2. Is the plaintiff, Oldham County, or any tax payer thereof entitled to recover from the defendant, Emart Arvin, the value of the gasoline and oil furnished to him by Oldham County and the sums paid for tires, parts and mechanical labor by Oldham County for the operation and upkeep of his said automobile while he was County Road Engineer of Oldham County?

"3. If the plaintiffs or tax payers are entitled to recover said sums from defendant, Emart Arvin, then is the burden of proof upon the plaintiffs to prove the amount of said sum, or was the relation and is the relation of defendant, Emart Arvin, to the plaintiffs such as to require the said Emart Arvin to account to plaintiff, Oldham County, and therefore the burden of the said Emart Arvin?

"4. Is there any statute of limitation which applies to the right of the plaintiffs to recover said sums mentioned above from defendant, Emart Arvin; if so, what is the period of limitation?

"5. If there is a Statute of Limitation which applies, then does it begin to run from the time said Emart Arvin received said accessories and same were paid for by the County, or does it only begin from the time demand for an accounting and repayment was made on him by plaintiffs and refused by him."

The request made to the court, as formulated in the prayer of the petition, is:

"Wherefore, the plaintiffs ask the Court for a binding Declaration of Rights on each question herein submitted and for their costs herein expended; and plaintiffs pray for all other just, proper and equitable relief to which they are entitled."

The court sustained defendants' demurrer filed to the petition and dismissed it upon failure of plaintiffs to amend, and to reverse that judgment they prosecute this appeal.

At the outset it should be observed that there is in realty but a single plaintiff, and who is the county attor-

ney, but he assumes to sue in the name of the county, on relation of himself as its county attorney, and also himself individually. Some question is made as to his right to maintain the action in either capacity, but, since we have concluded (for the reasons hereinafter stated) that the judgment of the court was proper, we will pass that question without determining it.

Section 978 of the 1930 edition of Carroll's Kentucky Statutes prescribes, inter alia, that ''appeals may be taken to the circuit court from all orders and judgments of the fiscal court or quarterly court in civil cases where the value in controversy, exclusive of interest and costs, is over twenty-five dollars.'' We have held in a number of cases, two of which are, Jefferson County v. Waters, 111 Ky. 286, 63 S. W. 613, 23 Ky. Law Rep. 669, and Breckinridge County v. Rhodes, 127 Ky. 444, 105 S. W. 903, 32 Ky. Law Rep. 352, that such appeals may be taken by the county attorney, subject however to the limitation upon the time when the appeal may be prosecuted. In the recent case of Jefferson County ex rel. Coleman v. Chilton, 236 Ky. 614, 33 S. W. (2d) 601, 603, which was an action brought under the same Declaratory Judgments Statute (Civil Code of Practice, sec. 639a-1 et seq.), certain questions were propounded to the court with a request that it answer them, and which it was claimed was authorized and was sustainable under the remedial relief provided for by that statute, notwithstanding the information requested was sought for the purpose of applying it to the practice of an already pending proceeding in which the questions arose. The opinion in that case exhaustively considered the purpose, scope, and limitations upon the remedy given by such statutes, especially our own, and, in declining to take jurisdiction of and answer the questions propounded therein to the court, said in part:

''But the act was not designed, and is not suitable, for the determination of the procedural rules, or the declaration of the substantive rights involved in a pending suit. Such decisions and declarations must be made in the first instance by the court whose power is invoked and which is competent to decide them. . . . Not one of the provisions in the Declaratory Judgment Act contemplates an action to determine procedure or to predetermine the decision of a trial court on a question properly presented to

it. Litigation is already precipitated and pending, and the decision in this case would not prevent it or hasten its determination.''

A review of many prior opinions of this court involving questions arising under the statute is made in that opinion and which we will not repeat here, but refer the reader to it for that information. The two most pertinent conclusions reached in that opinion are: (a) That courts will not take jurisdiction in actions brought under the statute, unless the alleged controverted questions are justiciable ones, and which does not include abstract legal questions designed merely to furnish information to the inquirer and which, if jurisdiction was taken, would convert courts into a sort of law school for the instruction of the inquisitive mind (see Revis v. Daugherty, 215 Ky. 823, 287 S. W. 28); and (b) that in no event will procedural questions be determined when they relate to and are designed to operate upon litigation or an action, or proceedings already pending in a court having jurisdiction, since such court possesses both jurisdiction and authority to determine such questions during the progress of the investigation.

In the Chilton case a suit was pending in the Jefferson circuit court involving the amount of salary or compensation that Chilton was entitled to as county attorney of that county, as well as the disposition to be made of any excess fees that he might have collected and which were recoverable from him, as well as other questions; but the independent declaratory judgment action invoked in that case sought a judicial answer to those questions in advance of their determination by the court in which the action was pending, and we held that our Declaratory Judgments Statute never contemplated any such procedure.

Upon the entry of the order of April 2, 1932, by the fiscal court of Oldham county a justiciable inquiry then and there was ''precipitated'' or launched with the right and remedy of an appeal therefrom to the Oldham circuit court by the county attorney, who is the plaintiff herein, and, if dissatisfied with the judgment of that court, to then appeal to this court, where the question could be finally determined. The facts, therefore, create a situation where the making of the questioned order of the fiscal court was tantamount to the initiation of a legal proceeding for the determination of its right to do so,

and which we are inclined to believe brings the question of the right to maintain this independent action to test the authority of the fiscal court to enter the order, within the purview of our opinion in the Chilton case, since the right to so test it is amply provided for by the appeal given by section 978, supra, of our Statutes, and which is no less efficient for the purpose than this independent action under the Declaratory Judgments Statute (Civil Code of Practice, sec. 639a-1 et seq.). We, therefore, conclude that this action is not maintainable, for the purpose of testing the right of the fiscal court of Oldham county to furnish the material and make the payments to and for the benefit of the county road engineer as specified in the order of April 2, 1932, even if brought by one with undoubted authority to do so.

Questions 2, 3, 4, and 5, which the petition propounds to the court, are not only lacking in justiciable quality, but their answer is not sought by one whose rights are affected if they were justiciable ones, since No. 2 is an express inquiry of the court as to who has the right to collect from the road engineer the past cost of such furnished articles if it was wrongfully allowed and collected by him. In other words, we are not only called upon therein to determine a right, but likewise to determine who possesses it. Question 3 asks the court to blaze out the practice that shall be pursued in a future action that the person whom we might declare would have a right to bring it, if he should ever do so, by asking us to adjudge the burden of proof in such remotely contingent action, and to go further and determine when that burden has been met and when it is shifted to the engineer, who would be the defendant in such a proceeding, and from which point he should go forward with his proof.

Questions Nos. 4 and 5 desire to know when any such right of action, if there exists one, accrues, and, if so, whether or not it is yet barred by limitation? As well might the plaintiff have asked the court: "Whether or not if someone should in the future bring an action against the road engineer, would this, or that question be a proper one, and one which the witnesses to whom it might be propounded would be compelled to answer? Our Declaratory Judgments Statute, as will be seen from the Chilton opinion, and other cases referred to therein, never contemplated giving any one the right to clog the dockets of the court with any such abstruse,

abstract, and concrete inquiries concerning every detail of practice, all of which are determinable without unnecessary delay by the court in which an action may be pending involving them.

For the reasons stated, and without considering others urged, we conclude that the court properly dismissed the petition, and the judgment is affirmed.