## Johnson County et al. v. High Test Oil & Gas Co.
(Decided March 16, 1937.)

W. J. WARD, County Attorney, for appellants.

KIRK & WELLS for appellee.

OPINION OF THE COURT BY JUDGE CLAY—Reversing.

The fiscal court of Johnson County allowed a claim in favor of the High Test Oil & Gas Company for the sum of $427.60. From that order the county attorney, on behalf of the county, appealed to the circuit court. There the appeal was dismissed on the ground that the county attorney was without authority to prosecute the appeal. The correctness of that ruling is before us for review.

As the amount in controversy, exclusive of interest and costs, was over $25, and therefore the order was one from which an appeal would lie, section 978, Kentucky Statutes, the only question is, whether the county attorney may take the appeal without an order of the fiscal court.

The duties of the county attorney are prescribed by sections 126 and 127, Kentucky Statutes, reading as follows:

"Sec. 126. Each county attorney shall attend all county and fiscal courts held in his county, and conduct all cases and business in said court touching the right or interests of the county, and oppose the allowances of all claims not legally presented or unjust, and give the court and the several county officers legal advice concerning any county business within the jurisdiction of any of them."

"Sec. 127. He shall attend to the prosecution of all cases in his county in which the Commonwealth or the county is interested; and, when so directed by the county or fiscal court, institute or defend, and conduct actions, motions and proceedings of every description, before any of the courts of this Commonwealth in which the county is interested, and shall in no instance take a fee or act as counsel in any case in opposition to the interests of the county. He shall also attend the circuit courts held in his county, and aid the Commonwealth's attorney in all prosecutions therein, and in the absence of an acting Commonwealth's attor-

ney, he shall attend to all Commonwealth's business in said courts."

In support of the ruling below it is argued that the words "and oppose the allowances of all claims not legally presented or unjust," appearing in section 126, supra, merely impose on the county attorney the duty of appearing in the fiscal court and there opposing the allowance of claims and not elsewhere, and that by virtue of the language of section 127, the county attorney has authority to institute, defend, and conduct actions, motions, and proceedings of every description, before any of the courts of the commonwealth, only when so directed by the county or fiscal court. The question arose many years ago in the case of Jefferson County v. Waters, 111 Ky. 286, 63 S. W. 613, 614, 23 Ky. Law Rep. 669. The court said:

"Section 126 makes it the duty of the county attorney to oppose the allowance of all claims not legally presented or unjust, and we are of the opinion that from this provision the authority of the county attorney is implied to prosecute an appeal from an order allowing a claim against the county. If we are in error in this conclusion, then it is perfectly plain that he has such authority when the county court orders him to do so."

Later on the question again arose in Breckinridge County v. Rhodes, 127 Ky. 444, 105 S. W. 903, 32 Ky. Law Rep. 352, where the court approved and adopted the ruling of the court in Jefferson County v. Waters, supra, that the county attorney has implied authority to prosecute an appeal in all cases where an appeal is allowed by law, and that section 127, Kentucky Statutes, supra, imposes no limitation on the authority of the county attorney. In reaching this conclusion we were moved by the following considerations: The county attorney is the legal representative of the county, and it is his duty to see that the county's funds are not wrongfully appropriated. In doing this it is often necessary to call in question the action both of the county and fiscal courts. Though these courts are separate, they are closely connected. The county judge is the county court, and also a member of the fiscal court. The relations between the justices of the peace and the county judge, all of whom compose the fiscal court, are more

or less intimate, and the influence of each on the others cannot be overlooked. In the very nature of things the county attorney might not be able to protect the interests of the county, if it were necessary to secure an order from the county court or the fiscal court before an appeal could be taken. Public officers are not inclined to take action calling in question the validity of their own acts, and to hold that the members of the courts making the error are vested with the sole power of determining whether or not an appeal shall be prosecuted from their order would virtually deny the right of appeal in those cases where an appeal is necessary for the protection of the interests of the county. Manifestly, this rule applies with particular force to the allowance of claims by the fiscal court. In many instances opposition would amount to but little if it ended in the fiscal courts, and the county attorney could not go further without an order of the county court or the fiscal court. In the more recent case of Knott County v. Michael, 264 Ky. 36, 94 S. W. (2d) 44, the court reaffirmed the rule laid down in Breckinridge County v. Rhodes, supra. We therefore conclude that the county attorney had authority to prosecute the appeal, without being ordered to do so by either the fiscal court or the county court. It follows that the circuit court erred in dismissing the appeal.

Judgment reversed and cause remanded for proceedings consistent with this opinion.