## Howard v. Saylor et al.

October 3, 1947.

J. S. Forester, Judge.

Jesse K. Lewis and A. Joe Asher for appellant.

Astor Hogg and Bert O. Howard for appellee.

OPINION OF THE COURT BY JUDGE REES—Reversing.

By an order of the Harlan fiscal court entered September 11, 1946, Jesse B. Saylor was employed as auditor of Harlan county for the remainder of the fiscal year at a salary of $125 a month. The services of the incumbent auditor, A. W. Babbage, were discontinued, and Babbage was ordered to turn over all accounts, books, papers and property belonging to Harlan county to his successor, Jesse B. Saylor. W. J. R. Howard, county judge of Harlan county, appealed from the order of the fiscal court to the Harlan circuit court. In his statement of appeal he stated that Jesse B. Saylor had been convicted of a felony in the United States Court for the Eastern District of Kentucky, and by reason of such conviction was disqualified from holding the office of county auditor and the fiscal court was without authority to make the appointment. Section 150 of the Kentucky Constitution provides that all persons shall be excluded from office who have been convicted of a felony, but that such disability may be removed by pardon of the Governor. Saylor and the Harlan fiscal court filed a special demurrer and a general demurrer to the statement of appeal. The county judge then filed an amended state-

ment of appeal in which he stated that he was also prosecuting the appeal from the order of the fiscal court as a citizen and taxpayer of Harlan county, and that he had not called upon the county attorney, Bert O. Howard, to prosecute the appeal for the reason that the county attorney openly favored the illegal action taken by the fiscal court, had advised and counseled with the members of the fiscal court, was present aiding and assisting the majority members of the court, and publicly urged them to vote for the appointment of Jesse B. Saylor as county auditor. The special demurrer and the general demurrer were extended to the amended statement of appeal, and the court sustained the general demurrer and dismissed the appeal. The court did not pass upon the special demurrer. The general demurrer was sustained on the theory that Jesse B. Saylor is a mere employee and not an officer of the county within the meaning of section 150 of the Constitution.

On this appeal it is insisted by the appellees that the special demurrer should have been sustained because W. J. R. Howard, either as county judge or as a citizen and taxpayer, was without authority to appeal from the order of the fiscal court without first having requested the county attorney to prosecute the appeal. KRS 23.030 provides that appeals may be taken to the circuit court ''(1) from all orders and judgments of the fiscal court or quarterly court in civil cases where the amount in controversy, exclusive of interest and costs, is over twenty-five dollars.'' In construing this section, we have held that any person aggrieved may appeal from an order of the fiscal court. Monroe County Court v. Miller, 132 Ky. 102, 116 S. W. 272. As expressed in Metcalf v. Howard, Judge, 304 Ky. 498, 201 S. W. 2d 197, 199, ''anyone personally or officially aggrieved by an action or order of a fiscal court must appeal to the circuit court within 60 days.'' The county judge is a member of the fiscal court and its presiding officer. Kentucky Constitution, section 144; KRS 67.040. We think that the county judge or any other member of the fiscal court may appeal from an order which he deems detrimental to the interests of the county. KRS 23.030 does not limit the right of appeal to the county attorney. In fact, his right to appeal from an order of the fiscal court is by implication. Breckinridge County v. Rhodes,

127 Ky. 444, 105 S. W. 903; Knott County v. Michael, 264 Ky. 36, 94 S. W. 2d 44; Johnson County v. High Test Oil & Gas Co., 267 Ky. 760, 103 S. W. 2d 272. In Hopkins County v. Givens, Ky., 96 S. W. 819, 820, the court, after reviewing a number of cases, said:

"We consider these cases as conclusive of the question here presented, and, as settling the question that when the fiscal court makes an unauthorized appropriation of public funds, the county judge, acting as a county court, or the county attorney, may, in the name of the county, appeal from such order; and if an unlawful appropriation is made by the fiscal court, and it declines to authorize the institution of an action for the purpose of recovering it, the county judge, acting as the county court, may direct the institution and prosecution of an action in the name of the county for this purpose."

On the merits of the case, the circuit court erred in holding that Jesse B. Saylor is not an officer but merely an employee. We have had before us a number of cases involving the distinction between an officer and an employee, and have frequently pointed out the difficulty in particular cases of drawing the line between the position of an employee and that of an officer. Black v. Sutton, 301 Ky. 247, 191 S. W. 2d 407. In the recent case of Taylor v. Commonwealth, 305 Ky. 75, 202 S. W. 2d 992, where many prior decisions are reviewed, we approved the definition of the word "office" made in the case of State ex. rel. Barney v. Hawkins, 79 Mont. 506, 257 P. 411, 418, 53 A. L. R. 583. There, the court concluded that five elements are indispensable in any position of public employment in order to make it a public office of a civil nature:

"(1) It must be created by the Constitution or by the Legislature or created by a municipality or other body through authority conferred by the Legislature; (2) it must possess a delegation of a portion of the sovereign power of government, to be exercised for the benefit of the public; (3) the powers conferred, and the duties to be discharged, must be defined, directly or impliedly, by the Legislature or through legislative authority; (4) the duties must be performed independently and without control of a superior power, other than the law, unless they be those of an inferior or subordin-

ate office, created or authorized by the Legislature, and by it placed under the general control of a superior officer or body; (5) it must have some permanency and continuity, and not be only temporary or occasional."

The position of county auditor to which Saylor was appointed by the Harlan fiscal court meets these requirements. It was created by the fiscal court pursuant to power delegated to it by the Legislature by subsection 7 of section 67.080 of the Kentucky Revised Statutes, which reads:

"The fiscal court may * * * cause correct accounts and records to be kept of all receipts and disbursements of the public funds of the county, and have the accounts of all county officers audited, when necessary; employ a competent person to keep such accounts and records, and make such audits, and pay such person a reasonable compensation for such services, not to exceed $2,400 per annum, except that in counties containing a city of the second class such person may be paid a reasonable compensation for such services, not to exceed $3,600.00 per annum."

Keeping correct accounts and records of all receipts and disbursements of the public funds of the county and auditing the accounts of all county officers is the exercise of a portion of the sovereign power of government for the benefit of the public. The power conferred and the duties to be discharged are defined. The duties are necessarily performed in the manner determined proper by the person appointed though the office may be an inferior one under the general control of the fiscal court, a superior body. The county auditor is clothed with power to be exercised for the benefit of the public as a continuing and permanent function, not as an incidental or transient authority. Saylor was appointed to succeed the discharged auditor "for the remainder of the fiscal year" at a salary of $125 a month. In Alvey v. Brigham, 286 Ky. 610, 150 S. W. 2d 935, 135 A. L. R. 1024, it was held that the librarian and secretary of the Board of Trustees of the Louisville Free Public Library was a public officer within the meaning of section 246 of the Constitution, and that one does not cease to be an officer merely because the term is not definitely established. It was further held that requirement of an oath

or an official bond may be considered in determining whether a public position is an office or an employment, but is not controlling in determining the character of the position. Another test demonstrates that the position of county auditor, authorized by KRS 67.080, subsection 7, is an office and not merely an employment. The Legislature can abolish a municipal office which it has created or which the city or county has created under delegated power from the Legislature, but it cannot by subsequent legislation impair the obligation of a contract of employment between an individual and a municipality. Johnson v. Laffoon, 257 Ky. 156, 77 S. W. 2d 345. There can be no doubt that the Legislature might have abolished the office of county auditor, and if it had done so the incumbent of the office would have lost his position. We conclude that the auditor of Harlan county is an officer, and that Jesse B. Saylor was ineligible for appointment under section 150 of the Constitution. It follows that the circuit court erred in sustaining the general demurrer to the statement of appeal.

The judgment is reversed.