HOSKINS, County Attorney of Leslie County, v. LESLIE COUNTY FISCAL COURT, etc., et al.

Court of Appeals of Kentucky.

Oct. 12, 1951.

C. W. Hoskins, pro se.

W. H. Lewis, Hyden, Robert J. Watson, Middlesboro, for appellee.

WADDILL, Commissioner.

The Leslie County Fiscal Court entered an order providing for the payment of $5,000 to Dewey and Mallie Lewis for a right of way through their property. The county attorney prosecuted an appeal from this order to the circuit court alleging that the sum allowed was excessive. The court construed the order to be a contract between the parties and dismissed the appeal.

By KRS 23.030 an appeal may be taken to the circuit court from all orders and judgments of the fiscal court when the amount in controversy is over twenty-five dollars, exclusive of interest and costs. KRS 69.210 relates the duties of the county attorney, one of such being to oppose all unjust or illegally presented claims against the county. In construing this statute it has been held that the county attorney has authority to prosecute an appeal from an order of the fiscal court allowing unjust or illegally presented claims. Hopkins County v. Givens, 96 S.W. 819, 29 Ky.Law Rep. 993. Such authority can be exercised by him contrary to the wishes or directions of either the county or fiscal court. Johnson County v. High Test Oil & Gas Co., 267 Ky. 760, 103 S.W.2d 272.

Appellee contends that the writing entered was not an order of the fiscal court, but only an agreement by the fiscal court to pay the Lewis's the sum of five thousand dollars for a right of way over their land. We cannot agree with this contention. The record reflects that the fiscal court was in session; that an authorization was entered upon the records of the court and signed by all the justices and the county judge which provided for the expenditure of public money. We have no difficulty in deciding the action was an order of the fiscal court.

The county attorney is the chosen legal representative of the people, charged with the responsibility to see that no illegal or wrongful appropriation of public funds of the county is made. As grounds for appeal it is alleged by the county attorney that the allowance of five thousand dollars in the premises is unreasonable, excessive and exorbitant. In obedience to his duty he has properly questioned the validity of the order entered by the fiscal court. The court erred in dismissing the appeal.

Judgment reversed with directions that the order dismissing the appeal be set aside and that it be restored to the docket.