## Wingfield, et al. v. Mills, et al.

(Decided December 17, 1926.)

Appeal from Edmonson Circuit Court

Appeal and Error—Direct Allowance to Attorney in Partition Suit Will Not be Reviewed Unless he is Made Party to Appeal.—Court will not review propriety of making allowance directly to plaintiff's attorney in partition suit, where attorney is not made party to appeal.

MILTON CLARK, B. T. ROUNDTREE and J. P. CUSICK for appellants.

LOGAN & McCOMBS for appellees.

OPINION OF THE COURT BY TURNER, COMMISSIONER— Affirming.

One of the heirs at law of Van Wingfield, deceased, who had died intestate, brought this equitable action against the other heirs at law to partition among them, according to their respective interests, the landed estate of the decedent.

One of the heirs at law who was a defendant not only held the interest he inherited, but had, after his father's death, become the owner of the interests of several of the other heirs at law, until he owned approximately a three-fourths interest in the land. In the allegations of the petition his interest was alleged to be less than it was in fact, and he and two others employed an attorney and filed an answer asserting what was his true interest.

After the filing of the answer there was no further controversy, and the land was partitioned among the several owners, and there was no exception to the report of the commissioners.

Accordingly, after the report·was approved, upon motion of the attorneys for the plaintiff, the court allowed to the attorneys directly a fee of $100.00 and made the payment of the same a lien upon the property so partitioned.  The three defendants who had filed the answer, and who had employed an attorney so to do and paid that attorney, entered a motion to set aside the order of allowance to the attorneys, and the court in overruling that motion expressly adjudged that those three defendants should pay their proportionate share of the attorneys' fees, and it is from these two orders that this appeal is prosecuted, and there is no other complaint.

The orders show that the allowance was made directly to the attorneys, and it is expressly provided that the three appellants shall pay their proportionate share of the fee, but an examination of the record discloses that neither the firm of attorneys, nor either of them, to whom this allowance was directly made, is a party to this appeal.

In at least two recent cases this court has held that, where an allowance is made by the court directly to an attorney, upon appeal where complaint is made of such allowance the attorney is a necessary party to the appeal, and that if he is not such party this court will not upon appeal review or consider the propriety of the allowance. Bartlett v. Louisville Trust Co., 212 Ky. 13; King v. King, 214 Ky. 171.

That being the only question presented, and the necessary parties to its consideration not being here, we have no alternative except to affirm the judgment, and it is so ordered.