## Fiscal Court of Boyle County et al. v. Boyle County Farm Bureau.

(Decided June 24, 1932.)

ADD LANIER, for appellants.

NELSON D. RODES, for appellee.

OPINION OF THE COURT BY CHIEF JUSTICE DIETZMAN—Reversing.

Section 42d-1 et seq. of the Kentucky Statutes provide for the organization of county farm bureaus and for financial assistance to be given them under the conditions set out in section 42d-11. This act has been held constitutional in the case of Hendrickson v. Taylor County Farm Bureau, 196 Ky. 75, 244 S. W. 82. So far as pertinent, section 42d-11 reads:

"Whenever the articles of incorporation have been filed as provided by this act and the secretary and treasurer have certified to the county fiscal court or county commissioners that said organization has one hundred members who own or operate farms in said county, and that organization has

raised from among its members by annual membership dues or otherwise a fund of not less than five hundred dollars ($500.00), which fund is in possession of the treasurer, the county fiscal court or county commissioners shall appropriate to such organization,'' the appropriations as set out in that section.

On March 22, 1932, the Boyle county farm bureau filed with the Boyle county fiscal court a certificate stating that the names set out therein (they being more than one hundred in number) were members of its organization, that these members owned or operated farms in Boyle county, Ky., and that its treasury had on March 22, 1932, a balance in bank of $804.71. The farm bureau called upon the fiscal court to make an appropriation in accordance with section 42d-11 in double the amount of its bank balance. The fiscal court in reply called upon the farm bureau to certify, among other things, the sources from which the sum of $804.71 had been derived. The farm bureau declined to give this information as well as other information requested. The fiscal court then declined to make the appropriation requested. Thereupon this mandamus suit was brought by the farm bureau to compel the fiscal court to make such appropriation. By its demurrer, motions, and by pleadings, the fiscal court took the position that, until the bureau stated the sources from which the sum of $804.71 had been raised, it was not obliged to make any appropriation, and not even then unless it was disclosed that at least $500 of the sum the bureau had in its treasury had been raised from among its members either by membership dues or in some other fashion. The farm bureau took the position that the fiscal court was not entitled to the information it sought, and that under the statute it was of no consequence whence the funds in its treasury had been derived. It was enough that $500 and more was there. The circuit court held that the contention of the farm bureau was sound, and granted the mandamus asked for. This appeal results.

We are of the opinion that the position taken by the fiscal court is based on a sound and correct interpretation of the statute in question. A reading of the sections providing for the organization, conduct, and maintenance of these farm bureaus leads to the conclusion that the Legislature in providing that these bureaus might be

628

helped with contributions from public funds required the members of such bureaus, in order to justify the help given them from the public treasury, to manifest an interest in the work and aims of their bureaus by contributing from their own purses to its financial needs. With this thought in mind, it is clear that the source of the minimum fund of $500, which must be on hand before an appropriation can be demanded, must be in the membership, whether the fund is raised by membership dues or in some other fashion. The phrase "from among its members" in that portion of section 42d-11 which we have quoted above is as applicable to the word "otherwise" therein found as it is to the words "by annual membership dues." The farm bureau under the provisions of section 42d-11 was not entitled to an appropriation from the fiscal court unless and until it had certified to the latter body that it had in its treasury at least $500 which it had raised from among its members either by membership dues or by some other method. The raising of the fund from among the members was a sine qua non of the right to demand an appropriation, and section 42d-11 requires the certificate to state that the fund has been raised from among the members. Not only did the appellee in this case fail to file such a certificate, but also steadily declined to do so throughout the negotiations which ended in this lawsuit as well as insisting herein that it was and is not required to do so by the statute. In this it is in error. Unless and until it files a certificate certifying that the fund in its treasury which it asks the fiscal court to match has been raised from among its members, it is not entitled to have the fiscal court make any such appropriation. The court should have sustained appellant's demurrer to the appellee's petition.

Judgment reversed for proceedings consistent with this opinion.