# Russell County Fiscal Court et al. v. Russell County.

(Decided Dec. 16, 1932.)

530

E. C. MOORE, ROLLIN HURT and R. E. LLOYD for appellants.

ROBERT ANTLE and O. B. BERTRAM for appellee.

OPINION OF THE COURT BY CHIEF JUSTICE DIETZMAN
—Affirming.

On January 11, 1930, the fiscal court of Russell county entered an order employing the appellant, M. H. Sasser, as county agricultural agent for Russell county for the year 1930, at a salary of $900, an appropriation being made for that purpose in the order. From this order the county attorney appealed to the Russell circuit court, his position being that, inasmuch as there were on January 1, 1930, valid outstanding interest-bearing warrants of Russell county far in excess of funds that could be made available for their payment by a maximum tax rate in 1930, the employment of Sasser and the fixing of his salary at any sum was invalid and illegal, as the payment of his salary would have to come out of the fund that should go to pay a valid outstanding indebtedness of the county. In the circuit court, the case was referred to a commissioner to report on the financial condition of Russell county. This commissioner made a very able and elaborate report extending over the years 1922 and 1930, the net result of which was that he found that there were on January 1, 1930, outstanding warrants against the general fund of Russell county amounting to $27,542.02, of which $14,482.06 was due constitutional officials of the county for salaries and services theretofore rendered in the necessary running of the county. The record further shows that for the year 1930 the income of Russell county from all sources at the maximum tax rate that could be levied would not exceed $15,500, of which approximately $12,500 would be needed to pay the salaries of constitutional officers and the necessary running expenses of the county, thus leaving a balance available to pay debts not in excess of $3,000. Now if, on January 1, 1930, there was outstanding against Russell county a valid floating indebtedness in excess of this $3,000 available to pay it, it is patent that the employment of Sasser as county agent for the year 1930 and an appropriation of $900 to pay his salary for that year was void.

It was expressly so held in the case of Carman v.

Hickman County, 185 Ky. 630, 215 S. W. 408, 415. In that case, in holding that an order employing Carman as county agent and making an appropriation for his salary void because it exceeded the current income of Hickman county for such purposes, we said:

"There is also an attempt to justify this order upon the ground that in making the appropriation and employing Carman the county was providing for a necessary current expense, such, for example, as the payment of the salaries of its county officers for which provision could be made by making an appropriation, although the county indebtedness exceeded the constitutional limit. But Carman was not such an officer of the county as that it was under the necessity of paying his salary, like it would have been in the case of the county judge or jailer, nor did the compensation agreed to be paid him come under the necessary current expenses of the county, because his employment was entirely within the discretion of the fiscal court and his services not essential to the conduct of the ordinary business of the county.

"In McCrocklin v. Nelson County Fiscal Court, 174 Ky. 308, 192 S. W. 494, and Nelson County Fiscal Court v. McCrocklin, 175 Ky. 199, 194 S. W. 323, we had occasion to set out at some length the limitations imposed by section 157 of the Constitution on fiscal courts, city councils, and like bodies, and without repeating what was there said it is sufficient to say that it was held that fiscal courts, in estimating the indebtedness that may be created at any time, must take into account all previous valid indebtedness of the county, except such as has been authorized by the voters at an election held for that purpose, existing when the indebtedness is sought to be created, and subtract such existing indebtedness, as well as such sum as may be needed to defray the necessary current expenses of the county for the year, from the income and revenue for the year, and only create debts during the year equal to the difference between the existing indebtedness no matter when created, plus the sum necessary to pay the necessary current expenses for the year, and the income and revenue of the county for the year. Whenever it is sought to create an indebtedness in excess of the revenue

for the year, the people at the polls must authorize it; the fiscal court cannot. It would be well for fiscal courts, before they undertake to appropriate public funds or create indebtedness, to read these two opinions.''

Appellant argues, however, that there was no valid floating indebtedness against Russell county as of January 1, 1930, and in support of that position cites section 157 of the Constitution and section 4281u-4 of the Statutes, the latter of which reads:

''Neither the fiscal court of any county, nor the common or general council of any city, nor the board of trustees of any town, shall expend any money in excess of the amount annually levied and collected for that year by such county, city or town, or levied, collected or appropriated for any special purpose; and the fiscal court of any county, and the common or general council of any city, and the board of trustees of any town, shall not expend, nor suffer; nor permit or authorize to be expended, any money or tax levied and collected for any one purpose to any other purpose than that specified in the order, resolution or ordinance under which the same is levied, imposed and collected. Any member of the fiscal court of any county, or of the common or general council of any city, or of the board of trustees of any town, who shall knowingly vote for any appropriation of money, or for the making of any contract in violation of this act, or any officer of the county, city or town who shall knowingly do any act to impose upon the county, city or town any pecuniary liability in excess of the authority in this act limited, shall be guilty of a misdemeanor and, upon conviction, be punished by fine of not less than one hundred dollars ($100.00) nor more than five hundred dollars ($500.00), or imprisoned in the county jail not less than one month nor more than twelve months, or both so fined and imprisoned.''

Appellant insists that under this section it is impossible for a county to contract a valid floating indebtedness, since it forbids a fiscal court from spending any money in excess of the amount annually levied and collected for the year in question. However, it will not be necessary to construe this section or to determine its scope and effect in this case. It has been held

that a county must carry on the essential functions of government, and that the expense incurred in so doing is not the contraction of an indebedness within the meaning of section 157 of the Constitution. It has further been held that such expense so incurred, if not paid by current revenues, must be carried over into the succeeding year and calculated as part of the expenses to be met that year out of that year's income. Mc-Crocklin v. Nelson County, 174 Ky. 308, 192 S. W. 494. Conceding arguendo the applicability of section 4281u-4 of our Statutes to the controversy we have in hand, it is plain that the expenses incurred in the discharge of the essential functions of government in the past should first have been paid by Russell county. The record shows that there was in all the years covered by the commissioner's report ample revenue to pay the salaries of constitutional officers; such salaries being, of course, expenses to be met in the discharge of the essential functions of government. If there was not enough revenue to pay these salaries and to pay for the expenses incurred in the discharge of the nonessential functions of government, it is the latter that should not have been paid, if section 4281u-4 of the Statutes is applicable, as appellant argues. The former expenses are the valid ones, even under the contention of appellant herein advanced. Being valid obligations of the county and not having been paid, they must under the McCrocklin opinion be carried over into 1930 and calculated as part of the expenses to be met that year out of that year's income. When this is done, there is no income left out of which appellant's salary fixed by the order of January 11, 1930, could be paid, and hence the circuit court correctly ruled that such order was invalid and illegal.

The court awarded a fee of $300 to the commissioner eo nomine who made the report here involved and taxed same as the costs against the appellant Sasser. He now insists that this was error, and that the fiscal court of Russell county should pay this fee, or at least it should be divided between that body and himself. However, he has not made Hill, to whom the judgment for this fee was given, a party to this appeal, and, further, he has not made Russell county fiscal court a party appellee after it had its name stricken as one of the party appellants. In such a state of the record, it is obvious that this question is not before us for decision. Bartlett v. Louisville Trust Company,

212 Ky. 13, 277 S. W. 250; Wingfield v. Mills, 217 Ky. 398, 289 S. W. 233.

Judgment affirmed.

Whole court sitting.