## Sandy Hook Bank's Trustee et al. v. Elliott County Fiscal Court et al.

(Decided Feb. 17, 1933.)

M. C. REDWINE, M. M. REDWINE and S. MONROE NICKELL for appellants.

ROBERT H. WINN, W. E. MOBLEY and W. M. GARDNER for appellees.

OPINION OF THE COURT BY HOBSON, COMMISSIONER—Affirming.

G. W. Pritchard, as trustee of Sandy Hook Bank, brought this action on January 16, 1928, against Elliott county, the Elliott county fiscal court, and the members thereof, and J. W. Greene, the county treasurer, alleging that by an order, of the fiscal court at its December term, 1921, it allowed the bank the sum of $5,400, payable out of the county levy and bridge fund for the year 1922. Also that the fiscal court had by orders allowed certain claims known in the record as the "J. D. Greene warrants"; that these warrants were unpaid. Judgment was prayed for the debt, with interest, and also that Greene as county treasurer be required by mandamus to pay the orders and be enjoined from paying out any funds of Elliott county until the further order of the court.

J. W. Greene, on February 24, 1928, filed answer, counterclaim, and cross-petition, in which he alleged, as to the warrant for $5,400, these facts: It was issued through error and by mistake of the court. On De-

cember 6, 1921, the court entered an order to pay the bank $5,400 for this claim, but this order was not signed by the judge or approved by the justices. On December 29, 1921, another order was made for the payment of the claim, which was regularly signed and approved and paid, but by mistake the treasurer took up the void warrant issued December 6, and left in the bank's hands the valid warrant issued on December 29. As to the Greene warrants, it was pleaded that these warrants, although issued to others, had come into the hands of J. W. Greene, and that Greene had been paid the money and by mistake the warrants had been left among the papers at the bank. As a citizen and taxpayer of the county he prayed that the warrants all be canceled, and that the plaintiff's petition be dismissed.

M. M. Redwine, who was president of the bank when the warrant was issued, was the plaintiff's attorney in the case, and filed a demurrer to Greene's answer. John T. Redwine, his son, who was the county attorney, filed a motion to strike the answer and cross-petition from the file, and also filed a demurrer to the answer. He also filed an answer to the petition in which, without denying any of the facts alleged in the petition, he denied that Elliott county owed any or all of the warrants sued on.

There was some difficulty in getting a judge to rule upon the case. The fiscal court employed W. M. Gardner, an attorney, to defend the action for the court, and he, on July 10, 1928, filed an elaborate answer for the fiscal court, making the same defense as Greene had made in his answer. Thus things ran until October 9, 1929, when the fiscal court made an order withdrawing the defense that had been made in the action and consenting that judgment should be entered for the plaintiff. On October 11, this order was filed in the action, and judgment was entered for the plaintiffs as prayed in the petition. On October 12, 1929, Greene filed a motion for a new trial and to set aside the judgment, on the ground that the order of the fiscal court had been made by mistake; he filed the affidavit of a number of the magistrates; stating, in effect, that they only meant by the order that the circuit court should decide upon the case and do what was right. On the hearing of this motion proof was heard and the circuit court at the March term, 1930, set aside the judgment, and, after numerous pleadings had been filed making

up the issues, the case was heard on the merits and the plaintiff's petition was dismissed. He appeals.

It is earnestly insisted for the appellant that J. D. Greene was without authority to defend the action or maintain a motion for a new trial when the fiscal court had consented that the judgment should be entered, that the judgment was properly entered, that his motion for a new trial should have been ignored in the subsequent proceedings, and that the fiscal court did not, until long after the judgment, unite with Greene in his defense. But Greene was the county treasurer; he was a defendant to the action, and judgment was not only sought against him as county treasurer, requiring him to pay the claim, but judgment was sought enjoining him from paying out any money of the county on any other claims. While his answer did not expressly allege that he was one of the taxpayers of the county, he did pray, as a taxpayer, judgment dismissing the plaintiffs' petition. The failure to make in his answer this express allegation was cured by the proof subsequently heard in the case and by the allegations of the pleadings afterward filed. It was the duty of Greene, as county treasurer, to make defense to any claim against the county which he knew to be unjust when he was sued upon it and made a party to the action. If he had failed to make proper defense here he would simply have failed to do his duty. In addition to this, praying for himself and all other taxpayers in the county, he asked judgment as set out in his answer, counterclaim, and cross-petition. The technical defect in this pleading was certainly cured by the subsequent amendments, and the circuit court clearly did not err in refusing to strike out Greene's motion for a new trial, or disregard it.

The fiscal court is an executive as well as a judicial body. When it acts judicially its judgments may not be set aside at a subsequent term, except upon the grounds on which judgments of other courts may be set aside. But when it acts in its executive capacity its orders stand just as the orders of any other executive body. To illustrate, if the directors of a bank or a city council had made an order similar to that of October 9, clearly they could at a subsequent meeting set it aside. There was no consideration for it. It was simply a voluntary action on the part of the court, taken under its power to ''regulate and control the

fiscal affairs and property of the county." Ky. Stats. sec. 1840. Black's Law Dictionary, p. 461.

The case was properly heard on its merits when all the facts were before the court. Public officers now and then make mistakes, but the public should be protected against their mistakes, when the truth is seasonably shown. When the fiscal court here simply made a mistake, it was the duty of Greene to present the truth to the court; and he had a right to do this, not only as a defendant to the action, as county treasurer, but as one of the taxpayers of the county, suing for himself and all other taxpayers. The defense that he presented was later indorsed and accepted by the fiscal court, who joined in the defense which Greene had made, not only by setting aside the order of October 9, on proper notice and in a regular way, but by employing counsel to co-operate with Greene in defending the action.

The question of granting a new trial is addressed to the discretion of the court, and the discretion of the court in granting a new trial will not be disturbed unless abused. This is well settled. The proof here satisfied the circuit court and satisfies this court that the magistrates made the order of October 9, at the request of M. M. Redwine, the president of the bank, his son John D. Redwine being the county attorney, when the magistrates understood that they were simply agreeing that the circuit court should decide the case upon the law and facts, as shown to that court. In addition to this, M. M. Redwine produced before the court, when this order was obtained, the order of December 6 allowing the claim, and made the impression on the court that this settled the matter. He did not produce the order of December 29, or explain to the court that this order had been paid, and that it was claimed by the county officers that the second order was made simply to take up the first, and had been paid. The granting of a new trial only opened the matter so that the truth should be established and in such a matter clearly the circuit court did not abuse its discretion in granting a new trial.

On the merits of the case, under all the proof, the judgment cannot be disturbed. The rule is, that the judgment of the circuit court in an equity action will be affirmed where on all the facts the mind is left in doubt as to the truth of the matter.

The county owed the bank something over $7,900. It had paid the debt down to $5,000, and this $5,000 was attempted to be provided for by the order of December 6; the $400 being added for interest for one year. When that order was not signed the order of December 29 was entered and signed to provide for the same debt. Later the bank became the treasurer of the county. One of M. M. Redwine's sons was the cashier. He, as treasurer, paid off the order of December 29, and took it up, and by mistake the order of December 6 was left in the bank, which then was the county treasurer. The bank then made its reports annually to the state banking commissioner, and these reports do not show two loans of $5,400 to the bank. In addition to this the bank was for several years the county treasurer and with plenty of money on hand to pay this warrant, and at no time was credited by this warrant, or asked credit therefor. After the bank failed its affairs went into the hands of the state banking authorities for settlement, and its assets were collected and distributed, but nothing was said about this other warrant for $5,400, which later was found there among the old papers of the bank, and this suit by the trustees followed. Under the circumstances the circuit court properly held that the warrant had been paid.

The Greene warrants present a similar question. They amount to $964. The county showed that a warrant had been issued to J. D. Greene for this amount and had been paid by it. The warrants were simply by mistake left among the papers at the bank, but nothing was heard of this claim until 1928. The evidence satisfies the court that the warrants had been paid.

The case was finally decided by Hon. B. F. Washer, a learned special judge who considered it carefully, and in a full opinion discussed all the facts. His findings are clearly not against the evidence.

Judgment affirmed.