## Fiscal Court of Boyle County v. Boyle County Farm Bureau.

(Decided April 21, 1933.)

ADD LANIER for appellant.
NELSON D. RODES for appellee.

OPINION OF THE COURT BY JUDGE THOMAS—Affirming.

Sections 42d-1 to and including 42d-20 of the 1930 Edition of Carroll's Kentucky Statutes were enacted by the General Assembly in 1920; the act being chapter 76, page 345, of the Session Acts of that year. In general, it provided for the creation of a county farm bureau and for the administration of its affairs. Section 11 of the chapter, now section 42d-11 of the Kentucky Statutes, supra, prescribes for appropriation to be made by fiscal courts wherein the county bureau has been organized upon the terms therein set forth, chief among which is, that the bureau or its members must first raise and provide for a fund, contributed and paid by its members personally, of not less than $500, and, when done, it shall be the duty of the fiscal court to make an appropriation of double that amount upon due certification of that fact to it in the manner provided for in the section.

In 1932 the farm bureau of Boyle county made due application to the fiscal court of that county under the act supra for an appropriation in accordance with its section 11, but it declined to make the appropriation requested, and the bureau then filed its mandamus action against it seeking to compel it to do so, and which the trial court sustained, followed by an appeal by the fiscal court to this one. The judgment was reversed in the case of Fiscal Court of Boyle County v. Boyle County Farm Bureau, 244 Ky. 626, 51 S. W. (2d) 934. The reversal was solely upon the ground that the petition did not state that the amount that had been raised by the bureau was done by and from its members only and not from outside sources by donations or otherwise. The reasoning of the court by which that conclusion was reached may be obtained by consulting that opinion.

Upon the filing of the mandate from this court, the county farm bureau of Boyle county filed another certificate with the fiscal court showing that its members had raised among themselves and not from outside sources, and then had in its possession, the sum of

$634.71, and it asked the court to make an appropria-
tion of double that amount, or $1,269.42. That motion
was made on July 12, 1932, but the court did not act
upon it until August 9, 1932, when it made an appro-
priation for only one-half the amount requested by the
bureau and credited that one-half by the sum of $316.60,
which it claimed to have paid the county agricultural
agent for Boyle county during the months of January
and February of that year. The appropriation was so
limited upon the theory, entertained by the fiscal court,
that the fiscal year of the board was the calendar year
of 1932, and that one-half of it had expired when the
application for the appropriation was made, and there-
fore the court was without authority to make a full
year's appropriation, since, according to its contention,
one-half of the time would extend into and cover one-
half of the calendar year of 1933 and beyond the fiscal
year of the court which is the calendar year. It sought
and took the credit of $316.60 upon the same theory.

The bureau then filed its second action in the Boyle
circuit court against the fiscal court of the county, seek-
ing to compel it to appropriate the amount requested
by plaintiff in that action, and in its petition it alleged
the facts supra, and, in addition thereto, it averred
that the credit of $316.60 made by defendant repre-
sented no amount that plaintiff had in any manner re-
quested of it, but that payment thereof was made pur-
suant to a private arrangement of the fiscal court, not
a matter of record and entirely unofficial. Defendant
demurred to the petition, which the court overruled,
and, upon its failing to plead further, the circuit court
rendered judgment directing defendant to make the
appropriation as requested by plaintiff, and to reverse
it defendant prosecutes this appeal.

Counsel for defendant earnestly argues that the
fiscal year of the board (plaintiff herein) is the calen-
dar year the same as is true of the fiscal court, and
that, since as much as one-half of the requested appro-
priation would cover the first half of the following
calendar year, and thereby reach beyond the fiscal year
of defendant, it was without authority to make the ap-
propriation for more than half of the amount requested.
But, according to our interpretation and conclusion, it
is immaterial what period of time constitutes the fiscal
year of plaintiff, the board, or whether it corresponds

with the fiscal year of defendant or not. The statute mandatorily requires the fiscal court to make the appropriation when the board brings itself within the purview of its terms, and which was done in this case. The appropriation is for the current fiscal year, and the statute nowhere requires the fund so appropriated to be only prospectively expended by the board. It may be appropriately expended in payment of its past legal obligations, incurred for the current year in which the appropriation was made. That being true, defendant, according to the contention of plaintiff's counsel, had the authority and it was its duty to make the appropriation at any time during the current fiscal year of the board, and that would be true in this case whether it was a calendar year corresponding to that of the defendant, or whether it extended from July 1, 1932, to the same day in the next year. It would scarcely ever be true that the fiscal court would meet on the beginning day of the fiscal year of the board, whatever it may be; and, according to the theory of counsel for defendant, if it did not do so and made the appropriating order following that beginning day, it could deduct from the annual amount the proportionate part of the time that had expired from the beginning of that fiscal year. It is our conclusion that the Legislature never contemplated any such result, and the language it employed in the statute furnishes no authority for any such interpretation.

We also conclude that defendant, having admitted by its demurrer the facts stated in the petition relative to the item of $316.60, for which the fiscal court took credit in its appropriating order, may not complain of the action of the circuit court in disallowing it, since the facts as so stated clearly show that the payments so made were not done in pursuance to any provisions contained in the 1920 act.

The judgment appealed from ordered the appropriation to cover and embrace the first half of the calendar year 1933, upon the theory that the fiscal year of the board was from July 1 to the same day in the next year, thereby relieving defendant from any appropriation for the first half of the calendar year 1933, and it is of that feature of the judgment that counsel for defendant complains as being beyond the power and authority of the fiscal court. If, however, the circuit court

was in error in so adjudging, it was not prejudicial to defendant, because, according to the conclusions heretofore expressed, it was defendant's duty to make the appropriation, and it would then be applicable to the entire current fiscal year, including that portion of it that had already expired, as well as its unexpired portion. The judgment relieved defendant of its duty to do that for the period covered by the first half of the calendar year 1932, and by extending the coverage of the appropriation to include the first half of the calendar year 1933 defendant will be relieved of making any appropriation in the future, if applied to, for that extended period. In other words, if defendant's contention is correct, and the fiscal year of the board corresponds with the calendar year, then, under the judgment as rendered, defendant could not hereafter be made to make appropriation for the first half of the calendar year 1933, since that period is taken care of by the judgment appealed from, and of which defendant may not complain, because in the same judgment it was expressly relieved of making appropriation for the first half of the calendar year 1932. So that the judgment in fixing the period covered by the ordered appropriation does not prejudicially affect defendant's rights whatever may be the correct fiscal year of the board.

Finding no error prejudicial to the rights of the defendant, the judgment is affirmed.