## Adair County Farm Bureau v. Fiscal Court of Adair County et al.

(Decided Feb. 21, 1936.)

24

NELSON D. RODES for appellant.

RAY MONTGOMERY for appellees.

OPINION OF THE COURT BY JUDGE STITES—Affirming.

This is an appeal from a judgment denying a writ of mandamus against the Fiscal Court of Adair County and dismissing the plaintiff's petition. The appellant, Adair County Farm Bureau, was the plaintiff below. It was organized during the year 1935 pursuant to the provisions of sections 42d-1 to 42d-20 of the Kentucky Statutes. On June 10, 1935, in accordance with the provisions of section 42d-11 of the Statutes, it certified to the appellee Fiscal Court that it had more than 100 members and had raised a fund of $500, and requested the maximum appropriation for the benefit of the salary and expenses of a county farm agent. The Fiscal Court refused to make the appropriation, and this action was thereupon filed.

It is shown in evidence that the outstanding valid floating indebtedness of Adair county cannot be liquidated by the current annual revenue of the county, and it is claimed by appellee that to employ a county farm agent under these circumstances would violate section 157 of the Constitution. So far as pertinent here, section 157 provides: "No county, city, town, taxing district, or other municipality, shall be authorized or permitted to become indebted, in any manner or for any purpose, to an amount exceeding, in any year, the income and revenue provided for such year, without the assent of two-thirds of the voters thereof, voting at an election to be held for that purpose; and any indebtedness contracted in violation of this section shall be void."

In the case of Carman v. Hickman County, 185 Ky. 630, 215 S. W. 408, it was expressly held that the employment of a county farm agent was not essential to the conduct of the ordinary business of the county, and that an appropriation could not validly be made to pay his salary and expenses where to do so carried the

county indebtedness beyond the constitutional limit fixed by section 157. The distinction between debts created for necessary governmental expenses and debts for purposes which, while public, were not essential to government, was recognized and applied. See, also McCrocklin v. Nelson County Fiscal Court, 174 Ky. 308, 192 S. W. 494; Nelson County Fiscal Court v. Mc-Crocklin, 175 Ky. 199, 194 S. W. 323.

Appellant contends, however, that the decision in Carman v. Hickman County is no longer applicable because of the enactment of section 42d-11 of the Statutes after the determination of that case. At the time that Carman v. Hickman County was decided, it was entirely within the discretion of the fiscal court of each county to determine whether it would or would not employ a county farm agent. By the enactment of section 42d-11 in 1920, it was made the duty of the fiscal court to appropriate the funds required when it was certified to that court by the proper officials of the farm bureau that the necessary statutory steps had been taken. It is argued that since it is no longer optional with the fiscal court to refuse to make an appropriation when the statutory conditions exist, the employment of a county farm agent is now a necessary governmental expense, in the same category with constitutional officers of a county, and that an appropriation to pay the salary and expenses of a county farm agent under these circumstances does not transcend the provisions of section 157.

Section 157 of the Constitution contains no exceptions, although we have implied from its terms that a county may pay "necessary expenses of the governmental functions" on the ground that any other construction "would destroy the fundamental safeguards and bulwarks of organized society." Hopkins County v. St. Bernard Coal Co., 114 Ky. 153, 70 S. W. 289, 24 Ky. Law Rep. 942. Whether, under any circumstances, the Legislature may force an expense on the fiscal courts that the counties themselves could not constitutionally incur, or whether a nongovernmental public office may be changed arbitrarily into an essential adjunct of government by the ipse dixit of a statute, it is unnecessary for us to decide. Conceding, for the purposes of argument alone, that the decision in Carman v. Hickman County rested on the fact that the employ-

ment of a county farm agent was optional with the fiscal court and that for that reason only the court determined that his services were not essential to the conduct of the ordinary business of the county, it is nevertheless patent that there is no substantial change *in principle* where the option to employ is exercised by the county farm bureau instead of being exercised by the fiscal court. In neither situation is it required that an appropriation be made except in the discretion of the one or the other of the two agencies. We do not construe the opinion in Carman v. Hickman County, however, as being based alone on the ground that the employment of a county farm agent was optional. The opinion goes farther than that and distinctly holds that the office is one which is not essential to the conduct of the ordinary business of the county. In Russell County Fiscal Court v. Russell County, 246 Ky. 529, 55 S. W. (2d) 337, decided since the enactment of section 42d-11, we reiterated the conclusion reached in Carman v. Hickman County, and it is clear that section 42d-11 did not alter the applicable rules. We conclude, therefore, that the action of the Fiscal Court in refusing the appropriation was proper.

Appellant furthermore asserts, however, that the appropriation requested here does not create a debt within the meaning of section 157. This proposition also was disposed of in Carman v. Hickman County, and it is even more clearly an unsound argument as presented in this case. This very action is an attempt to force the fiscal court to make an appropriation to pay an alleged debt. It is a matter of indifference whether the debt against the county is created by the fiscal court or by the farm bureau. The mandate of the Constitution applies with equal force in either case.

Judgment affirmed.

Whole court sitting.