## Knott County v. Michael et al.

(Decided May 1, 1936.)

CLARK PRATT for appellant.

D. H. HALL for appellees.

OPINION OF THE COURT BY DRURY, COMMISSIONER— Reversing.

This is an appeal from a judgment for $1,250 recovered by J. W. Michael.

## History.

On July 7, 1931, the fiscal court of Knott county entered an order to employ J. W. Michael as county agent for the years 1932, 1933, and 1934 at a salary of $1,000 per year.

County agents are appointed by the University of Kentucky, for the purpose of carrying out its obligations under certain grants made to it by the federal government, the details of which it is not necessary to set out.

By section 7, ch. 20, Acts 1916, now section 4636g-2, Ky. Stats., it is provided:

"The various fiscal courts and boards of education of the counties in this state are hereby authorized and empowered to appropriate such sums of money out of their annual funds as in their wisdom is necessary to aid in carrying on extension work in agricultural and home economics in their respective counties, and in connection with the university of Kentucky."

That statute was construed by this court in Carman et al. v. Hickman County, 185 Ky. 630, 215 S. W. 408.

It was under this statute that the appellee was paid by Knott county for his services in the years 1932 and 1933.

On February 27, 1934, the fiscal court of Knott county entered an order to have no county agent in the year 1934, which meant that no appropriation for that purpose would be made in the year 1934.

On June 12, 1934, the fiscal court entered an order by which it undertook to set aside and cancel the order it had made on February 27, and to reinstate and reaffirm the order it had made on July 7, 1931, to have the services of Mr. Michael for the year 1934 and to pay him $1,000 therefor.

From this order of June 12, 1934, the county at-

torney appealed to the Knott circuit court on July 20, 1934. This was within time. See section 729 of the Civil Code of Practice. This appeal is permissible (see section 978, Ky. Stats.), and the county attorney had authority to prosecute such appeal without being authorized so to do by either the fiscal court or the county court. Breckinridge County v. Rhodes, 127 Ky. 444, 105 S. W. 903, 32 Ky. Law Rep. 352. In the circuit court Michael was again successful, and this appeal has been brought here by the county through the county attorney, and Mr. Michael and the members of the Knott fiscal court are the appellees.

### Grounds Urged for Reversal.

The first question presented is: Had the fiscal court in February, 1934, power to set aside the order it had made on July 7, 1931, employing Mr. Michael for the years, 1932, 1933 and 1934. The appellees assert the action of the fiscal court on July 7, 1931, was judicial and that after the end of that term the fiscal court had no power to change it. A fiscal court has some duties to perform that are judicial and others that are administrative, and it is sometimes difficult to determine when its acts are judicial and when administrative, and no hard and fast rule for determining that can be set out. Generally, a fiscal court may be said to be acting judicially when it has under consideration past occurrences, and its act may be regarded as its answer to the question: What does justice suggest should be done?

Its acts may be regarded as administrative when the court is considering existing circumstances and probable future occurrences, and its act may be regarded as its answer to the question: What does prudence or expedience suggest should be done? In the one case the court is looking at the past; in the other case it is looking to the future. Clearly, the order of July 7, 1931, was purely an administrative act which the court could change, as it saw fit so long as it did not affect any contract rights, but, as it is urged Michael had a contract with the fiscal court for three years' services, we must dispose of that.

Mr. Michael was appointed by some of the authorities of the University of Kentucky. He is the agent

of the University in Knott county, possibly its agent for Knott county, but he is not the agent of Knott county and the law makes no provision for the employment by the fiscal court of a county agent. He is not a necessary county officer like a county judge, county attorney, etc., which the county must have and pay, as we pointed out in the Carman Case cited above. All the power the fiscal court had must be found in the statute copied above. It merely gives the fiscal courts power to make appropriations to this work, but that is as far as the statute goes. Such an appropriation will probably result in an extension and multiplication of his activities in the county, but it does not make him an agent of the county, and the statute confers no authority for the employment of any one as such. The statute further provides this appropriation shall be made out of their *annual* funds. We have emphasized this word "annual" for it must have been used for some purpose and by its use it is evident the Legislature intended this appropriation should be made for a year at a time. It was not intended that a fiscal court could in one year bind itself to make such appropriations in future years, or to engage services to be rendered in future years; hence it had no power in 1931 to make an appropriation then to be paid out of its annual funds in 1934, and when 1934 came it declined in February to do so, and it was clearly within its rights when it did so. Whether that action was wise or otherwise, the court took that step and it had the right to take it.

### The Order of June 12, 1934.

The principal attack made on this order is that the funds of the county for 1934 had already been exhausted when this order was made; hence when the fiscal court undertook to make this appropriation, it had nothing left to appropriate. The court referred the matter to Senator H. H. Smith as special commissioner. He took a number of depositions and filed a very elaborate report in which he says:

"The evidence as to the amount of indebtedness against Knott County for the year 1934 and as to the income of Knott County for that year is not at all definite and satisfactory. Various estimates

as to the outstanding indebtedness and as to the income of the County for that year have been given. These estimates vary in amounts by several thousand dollars. For these reasons I am unable from the record to find or name the exact figures in which the County was indebted for the year 1934, or the exact amount of its income. The record simply does not disclose these facts. From the best information I can get from the record, however, I do find that the outstanding indebtedness and necessary running expense of the County for the year 1934 does exceed the income for that year, if we do not include the Sales Tax.''

Without discussion or elaboration, it is from this apparent that Knott county's income for 1934 was exhausted when this appropriation was made unless there be included the sales tax, but that cannot be included, for the Legislature directed that the portion of the sales tax to be paid to the county should be devoted to an entirely different purpose. See section 14, ch. 25, Acts of Extra Session of General Assembly for 1934. As there were no other funds available for appropriation on June 12, 1934, it follows that the attempted appropriation was void. In Pulaski County v. Richardson, 225 Ky. 556, 9 S. W. (2d) 523, we held a county could not commit suicide, and could not refuse to employ and pay the officers necessary to carry on the county government, but that means those officers that the county is by law required to have. In our recent case of Adair County Farm Bureau v. Fiscal Court of Adair County et al., 263 Ky. 23, 91 S. W. (2d) 537, we held the employment of such an agent was not a necessary governmental expense. There is no need to discuss other questions presented.

The judgment is reversed, with directions to set it aside and to enter an order directing the Knott fiscal court to set aside its order of June 12, 1934.