## Jackson County et al. v. Madden et al.

(Decided Jan. 18, 1938.)

536

J. R. LLEWELLYN and C. P. MOORE for appellants.

D. G. WOOD, H. C. CLAY & SONS, A. T. W. MANNING and EDWARD R. HAYS for appellees.

OPINION OF THE COURT BY JUDGE REES—Reversing in part and affirming in part.

Jackson County and the Jackson fiscal court brought this action in the Jackson circuit court to obtain the court's approval of the issuance of bonds to fund a floating debt of $23,646, as provided by sections 186c-6 and 186c-7 of the Kentucky Statutes. William Madden, a taxpayer, and W. R. Reynolds and W. M. Blair, warrant holders, were made defendants. All the outstanding warrants of the county were listed in the petition

with the number, date, and amount of each, to whom issued, and to whom assigned, and the purpose for which the claim was allowed and the warrant issued. Most of the warrants listed in the petition were issued during 1931, 1932, and 1933. It was alleged in the petition that the warrants were valid, and represented, for the most part, officers' salaries and other governmental expenses. An amended petition was filed setting out the amount of the county tax levy for the years 1927 to 1933, inclusive, and the assessed valuation of all property in the county for each of those years. The amount of money received by the county and the amount of claims allowed by the fiscal court during each of those years were also set out. It appears from the petition that practically all the indebtedness which the county purposes to fund is represented by claims allowed and warrants issued during the years 1931, 1932, and 1933, but the amended petition shows that the floating indebtedness began to accumulate during 1927. The receipts for the year 1927 amounted to $14,431.51, and the claims allowed during that year amounted to $15,030.29, leaving a deficit of $598.78. The receipts during the year 1928 amounted to $13,275.68, and the expenditures during that year amounted to $18,702.12, leaving a deficit of $5,426.44 for the year, and making a total floating indebtedness of $6,025.22 at the end of that year. The deficit for the year 1929 was $2,315.67, and the total floating indebtedness at the end of that year was $8,340.89. The expenditures exceeded the receipts during each year thereafter, except 1932, until at the end of 1933 the total floating indebtedness was $21,126.97. When the amended petition was filed September 4, 1936, the indebtedness had increased to $23,646. Whether or not the warrants issued during 1927, 1928, and 1929 have been paid out of the revenues of subsequent years and the claims allowed during such subsequent years carried forward as the floating indebtedness of the county does not appear.

On August 24, 1936, H. C. Ward and four other taxpayers of Jackson county filed an intervening petition in which they asked that they be made parties to the action, and be permitted to defend for the benefit of all taxpayers of the county. They further asked that certain claims referred to in the petition, particularly those of the defendants W. R. Reynolds and Wilson M.

Blair, be adjudged invalid. These petitioners were permitted to defend in behalf of themselves and all other taxpayers of the county, and considerable proof was heard. The court adjudged that certain warrants, aggregating $16,812.21 in amount, had been issued for necessary governmental expenses, and the issuance of bonds in that amount was approved. The warrants which were adjudged valid were set out in the judgment. The claim of W. M. Blair, amounting to $280, and the claim of W. R. Reynolds, amounting to $1,800, were adjudged to be illegal and void. The court refused to approve the issuance of bonds to fund the remainder of the floating indebtedness, but its validity was not passed upon. It was stated in the judgment that the court was unable to determine from the evidence whether or not these debts were valid when created. The floating indebtedness of the county to the extent of $16,812.21, the funding of which the circuit court authorized and approved, was for necessary governmental expenses, principally salaries of constitutional officers, and it is conceded by all parties to this appeal that the judgment to that extent is correct. The county has appealed, and concedes that the judgment is correct in refusing to approve the issuance of bonds to fund a part of the floating indebtedness, but argues that the court erred in refusing to approve the issuance of bonds to take up the warrants issued in 1932, amounting to $2,289.40, since the revenues for that year were not exceeded. W. R. Reynolds was made an appellee, and he has made a motion for a cross-appeal, which has been sustained. It is his contention that the warrants issued to him are valid, and that the court erred in adjudging them void and refusing to approve the issuance of bonds to take them up. His claim is the chief bone of contention on this appeal.

The fiscal court of Jackson county employed W. R. Reynolds in April, 1929, as county agricultural agent for a term of four years at a salary of $500 a year. Warrants were issued to him from time to time, and he now holds warrants amounting to $1,800 which were issued to him between July 1, 1929, and July 1, 1933. The circuit court adjudged that these warrants were invalid because, at the time the fiscal court entered into the contract with Reynolds, Jackson County had ex-

ceeded its revenue for the ensuing year, considering the valid floating indebtedness and the necessary governmental expenses for the year.

It has been held in a number of cases that a county agricultural agent is not an officer whose salary must be provided for by the fiscal court, since his services are not essential to the conduct of the ordinary business of the county. The employment of a county agricultural agent is a matter within the discretion of the fiscal court, and if the county's revenue for the year has been exhausted a contract employing a county agricultural agent would be in violation of section 157 of the Constitution, and void. Carman v. Hickman County, 185 Ky. 630, 215 S. W. 408; Adair County Farm Bureau v. Fiscal Court of Adair County, 263 Ky. 23, 91 S. W. (2d) 537; Knott County v. Michael, 264 Ky. 36, 94 S. W. (2d) 44; Russell County Fiscal Court v. Russell County, 246 Ky. 529, 55 S. W. (2d) 337.

In determining whether or not a nongovernmental expense will exceed the limitations of section 157 of the Constitution, the valid floating indebtedess of the county must be added to the necessary governmental expense for the year, and if these items together equal or exceed the revenue for the year an indebtedness for a purpose not governmental cannot thereafter be incurred. In Russell County Fiscal Court v. Russell County, supra, the validity of an appropriation to pay the salary of a county agricultural agent was involved. In the course of the opinion it was said:

> "The record further shows that for the year 1930 the income of Russell county from all sources at the maximum tax rate that could be levied would not exceed $15,500, of which approximately $12,500 would be needed to pay the salaries of constitutional officers and the necessary running expenses of the county, thus leaving a balance available to pay debts not in excess of $3,000. Now if, on January 1, 1930, there was outstanding against Russell county a valid floating indebtedness in excess of this $3,000 available to pay it, it is patent that the employment of Sasser as county agent for the year 1930 and an appropriation of $900 to pay his salary for that year was void."

The burden was upon the county to establish the validity of the indebtedness in order to obtain the approval of the court of the issuance of funding bonds, and this it failed to do except to the extent adjudged by the circuit court. A careful examination of the record establishes the correctness of the following statements found in the chancellor's opinion:

"There are claims listed, with no attempt to prove them, there is proof of some claims, not actually listed, in fact, the record is in such condition, that it is impracticable, if not impossible, to determine just the amount of indebtedness at the close of any one year, or at any time. * * *

"There are numerous claims for which vouchers have been issued, and only evidence that they are for 'Aid of support,' 'Blind relief,' for 'Vital Statistics,' 'services as Local Registrar,' &c., with no proof showing the services were performed or what for and therefore there is no way for the Court to determine whether the claims are permissible, governmental, or void altogether and for that reason they are not adjudicated upon at all. It may be under proper proof and pleadings, they could be funded, at least some of them."

However, we think the circuit court erred in adjudging the claim of W. R. Reynolds void. The evidence fails to show the amount of floating indebtedness at the beginning of each fiscal year, and whether or not such indebtedness was valid. Unless it was valid, it cannot be considered in determining the validity of the debts subsequently created. While the evidence was not sufficient to authorize the approval of the issuance of bonds to take up the Reynolds warrants, it was likewise insufficient to authorize a judgment declaring them void.

It is conceded on all sides that the judgment is correct in declaring void the claim of W. M. Blair. His claim was for 14 months' salary as county librarian. The General Assembly, at its 1930 session, passed an act creating a county library to be kept in the county seat of each county, and providing that "the circuit court clerk shall by virtue of his office be the librarian of said library," and "shall receive a salary of twenty dollars ($20) per month to be paid by the county for

his services as such." Ky. Stats., sec. 2438c-8. W. M. Blair was elected circuit court clerk of Jackson county in November, 1927, and served 6 years, beginning January 1, 1928. The warrants were issued to him in 1931 and 1932. In Greenup County v. Spears, 259 Ky. 114, 81 S. W. (2d) 905, it was held that circuit clerks in office when the act was passed were not entitled to the salary.

We think the court erred in adjudging the claim of W. R. Reynolds void, and to that extent it is reversed. In all other respects, it is affirmed.