## Jackson County et al. v. Madden et al.

(Decided April 19, 1938.)

J. R. LLEWELLYN and C. P. MOORE for appellants.

A. T. W. MANNING for appellees.

OPINION OF THE COURT BY JUDGE BAIRD—Affirming.

This is the second appeal involving the claim of appellee W. R. Reynolds for the sum of $1,800, as a part of the floating indebtedness which appellant Jackson County et al. purposed to fund by the issuance of bonds as provided by sections 186c-6 and 186c-7, Kentucky Statutes. This court in its former opinion of Jackson County et al. v. Madden et al., 271 Ky. 535, 112 S. W. (2d) 986, 989, reversed the judgment of the Jackson circuit court to the extent that the claim or balance of salary of Reynolds as agricultural agent of Jackson County, for the years ending June 30, 1930, 1931, 1932, and 1933, in the sum of $1,800, was adjudged invalid by the Jackson circuit court and the warrants issued to Reynolds were declared null and void,

because, at the time the fiscal court entered into the contract with him as county agricultural agent for the years aforesaid, Jackson County had exceeded its revenue for the ensuing years, considering the valid floating indebtedness and the necessary governmental expenses for the year. We reversed the circuit court in so far as it adjudged the warrants issued to Reynolds to be void, because the evidence failed to show the amount of the floating indebtedness at the beginning of each fiscal year and failed to show whether or not such indebtedness was invalid. We said:

"Unless it was valid, it cannot be considered in determining the validity of the debts subsequently created. While the evidence was not sufficient to authorize the approval of the issuance of bonds to take up the Reynolds warrants, it was likewise insufficient to authorize a judgment declaring them void."

On the return of the case to the Jackson circuit court, additional proof was taken, for the purpose of establishing the validity of Reynolds' claim and salary. Based upon the proof taken, the circuit court, by a supplemental judgment, adjudged that all of the claims so issued to Reynolds for his services as agricultural agent of Jackson County for the fiscal years ending June 30, 1930, 1931, 1932, and 1933 were valid when issued, and therefore a valid and subsisting indebtedness against Jackson County, which should be included in the amounts heretofore adjudged as valid and included in the indebtedness of Jackson County as authorized by the previous judgment of this court to be funded and paid from the issuance of funding bonds making a total of $1,800, which amount bears interest from the respective dates upon which each of said claims were indorsed by the county treasurer of Jackson County.

In order to determine the correctness of the judgment, this appeal is prosecuted. The sole question is, when the contract was made and entered into by Reynolds, with the fiscal court of Jackson County, as county agricultural agent of the county, on July 21, 1929, wherein the fiscal court agreed to pay him at the rate of $500 each year for the fiscal years ending June 30, 1930, 1931, 1932, and 1933, was that contract within the revenue of the county. The evidence of J. F. Lee, former county clerk of Jackson county, G. W. David-

son, J. R. Hays, county treasurer, Oscar Casteel, present county clerk, C. P. Moore, former county judge, and John Fowler, former county clerk, show to our satisfaction that for the fiscal year ending June 30, 1929, there was no outstanding, unpaid, governmental debts, and for each of the years in question, after the payment of all governmental expenses, there was a sufficiency of revenue left to pay Reynolds' claim when it was contracted. That fact being shown, it follows that the claim and warrants held by Reynolds are valid. It is further insisted by Hector Johnson, county attorney, who claims to be the attorney for H. C. Ward and others, interpleaders in the action, that the judgment was erroneous, if not void, because the case was tried by the court and the judgment entered out of term time; that the stipulated agreement for a trial and entering the judgment out of term time, filed in the record, was entered into only 'by the attorneys for appellants and appellees, but was not agreed to by him as county attorney of Jackson county, or by him as attorney for Ward, etc., the interpleaders in the action. Counsel insists that the validity of Reynolds' claim was put in issue only by these interpleaders; that no notice was given to them, nor either of them, as required by section 964b-1, Kentucky Statutes; that the case would be tried out of term time, and for that cause it is insisted that the judgment is not binding as to these interpleaders. That question, if error, which we do not decide, could not be raised for the first time in this court. We find nowhere in the record that the lower court was called upon to set aside the judgment, nor where the court made any ruling as to whether the judgment was binding or not. This court can adjudicate only as to errors committed by the trial court. We see no reason to extend this opinion further, as we have reached the conclusion that the evidence is sufficient to support, and does support, the validity of the claim of Reynolds.

The judgment of the chancellor is, therefore, affirmed.