## Shelton, County Court Clerk, et al. v. Smith, Co. Atty., et al.

Oct. 29, 1940.

Flem D. Sampson, Judge.

Joe S. Feather for appellants.

Walter Ray Smith for appellees.

OPINION OF THE COURT BY JUDGE REES—Affirming.

Walter Ray Smith, suing as the county attorney of Whitley county and as a resident, citizen, and taxpayer of the county for the use and benefit of himself and all other citizens and taxpayers of the county, brought this action against Tom Shelton and E. S. Stringfield, county court clerk and tax commissioner, respectively, of Whitley county, seeking a writ of mandamus requiring the tax commissioner to assess and list for poll taxes all male resident citizens of Whitley county over 21 years of age and under 70 years of age and not exempted from the payment of poll taxes by Section 4239i-2a, Kentucky Statutes, 1938 Supp., and requiring the county court clerk to make out poll tax bills for all such persons.

The petition alleged that the Whitley fiscal court on April 2, 1940, levied upon each male citizen of Whitley county over 21 years of age and under 70 years of age, with the exception of those male citizens exempted under Section 4239i-2a, 1938 Supp., a poll tax of $1 for county purposes and $1 for school purposes. On April 3, 1940, the fiscal court adopted a resolution exempting from the payment of poll taxes from that date 33 male residents and citizens of Whitley county. It was alleged that none of the exempted persons came within the exemption provisions of the Statutes. It was further alleged that the fiscal court from time to time had passed resolutions exempting specific persons from the payment of poll taxes in the future and that such persons were not exempted by statute, and that in all approximately 2,000 persons had been exempted from the payment of the poll tax. It was alleged that such orders were null and void, but that the tax commissioner had refused to assess such exempted persons and that the county court clerk had refused and was refusing to

make out poll tax bills for the year 1940 for such persons. A demurrer to the petition was overruled, and, the defendants having declined to plead further, the court entered a judgment granting the writ of mandamus. The defendants have appealed, and seek a reversal of the judgment on a number of grounds.

The various orders of the fiscal court exempting from the payment of poll taxes persons other than those exempted by statute are void. A fiscal court may or may not levy a poll tax. The levying of such a tax is a matter within its discretion, but if it levies such a tax it cannot levy the tax on some of the male residents of the county and exempt others who are not exempted by statute. This does not mean that the fiscal court may not credit the sheriff in his official settlement with the amount of uncollectible poll taxes as provided in Section 4251 of the Kentucky Statutes, Supp. 1938, after proper efforts have been made to collect them. Section 1882 of the Statutes authorizes the fiscal court to levy and collect a poll tax not exceeding $1.50 on each male person of the age of 21 years or more residing in the county. Section 4399-40 of the Statutes authorizes a levy for school purposes of a poll tax not exceeding $2 on each male inhabitant within the district over 21 years of age. Section 4239i-2 of the Statutes exempts from the payment of a poll tax of any kind all citizens of the state who have obtained the age of 70 years, and Section 4239i-2a, Kentucky Statutes, 1938 Supp., exempts from the payment of a poll tax any honorably discharged soldier, sailor or marine who shall have served 90 days or more in the military or naval forces of the United States and who is totally disabled as evidenced by pension certificate or award of compensation. Section 4239i-1 makes it the duty of the county court clerk, when the assessor has completed his books and turned them over to him, to make out the tax bills of all taxpayers in the county who are liable for a poll tax and who assess no property for taxation.

Appellants contend that even if it be conceded that the orders of the fiscal court exempting various persons from the payment of poll taxes are void, yet it was necessary for the appellees, in compliance with the provisions of Section 763 of the Civil Code of Practice, to make a motion in the fiscal court to set aside the orders before this proceeding can be maintained. It was al-

leged in the petition that appellees had requested the fiscal court to set aside and vacate these orders and it had refused, but appellants insist that the motion to vacate should have been in writing since the fiscal court is a court of record. Be that as it may, we have concluded that no motion in the fiscal court was necessary. Section 763 of the Civil Code of Practice reads:

"Neither a void judgment, nor a judgment against a defendent who shall have been only constructively summoned, and shall not have appeared in the action; nor any judgment which can be set aside or modified by the court which rendered it, upon motion made after the term during which it was rendered, shall be reversed or modified by the Court of Appeals, until a motion to set aside or modify the judgment shall have been made in the inferior court and overruled."

This section applies only to orders or judgments in judicial proceedings. The fiscal court exercises legislative and ministerial powers as well as powers in their nature quasi-judicial. Knott County v. Michael, 264 Ky. 36, 94 S. W. (2d) 44; Sandy Hook Bank's Trustee v. Elliott County Fiscal Court, 248 Ky. 498, 58 S. W. (2d) 637; Farmer v. Marr, 238 Ky. 417, 38 S. W. (2d) 209. The levying of the poll tax was a legislative act and so was the exempting of various persons from payment of the tax. Since we have concluded that the fiscal court was not acting in a judicial capacity when the invalid orders were entered, most of the other questions raised by appellants become moot.

It is suggested that the fiscal court is given the power to make provisions for the maintenance of the poor and for aught that appears all persons exempted from the payment of poll taxes are poor persons and the fiscal court had done no more than aid the poor in the county by relieving them of the obligation of paying poll taxes. The question of their ability to pay the tax or their right to maintenance or assistance out of the county funds at the time the poll taxes fall due must be determined by subsequent events and not in advance by the fiscal court.

In its judgment the circuit court required the county court clerk to make out poll tax bills for 1939 as well as 1940. The tax commissioner was required to list and

assess for the year 1940 every male citizen not exempted by statute. Neither in the prayer of the petition as amended nor in the motion for a writ of mandamus did the plaintiffs ask that the clerk be required to prepare poll tax bills for the year 1939. The petition does not allege that a poll tax was levied during that year nor that invalid exemptions were made. The judgment should be modified to the extent that the clerk is only required to make out tax bills for the year 1940.

As thus modified, the judgment is affirmed.