## Allen County Fiscal Court v. Allen County Farm Bureau.

Sept. 29, 1944.

Noel F. Harper and Emma D. Keen for appellant.

W. D. Gilliam for appellee.

OPINION OF THE COURT BY STANLEY, COMMISSIONER— Affirming.

The judgment orders the Fiscal Court of Allen County to appropriate $1100 to the Allen County Farm Bureau to carry on the work of the County Agricultural Agent during the fiscal year ending June 30, 1944. The Fiscal Court superseded the judgment and brings an appeal, maintaining that the appropriation would extend the county's debt and obligations for current expenses beyond the constitutional limitations, and that this is a discretionary matter in which the judicial courts should not intervene.

The appellee, organized under KRS 247.240 et seq., certified to the appellant the facts and requested the appropriation as provided in KRS 247.300. That section, upon the conditions being met, declares that "the fiscal court shall, subject to subsection (2), appropriate to such farm bureau, out of the general fund of the county, a sum equal to twice the amount of the said fund in the hands of the bureau's treasurer." Subsection (2) places limitations upon the amounts, within which the appropriation asked comes. Therefore, it is the duty of the Fiscal Court to make the appropriation when the farm bureau brings itself within the conditions. Fiscal Court of Boyle County v. Boyle County Farm Bureau, 248 Ky. 617, 59 S. W. 2d 568. But the duty is subject to constitutional restrictions upon the creation of county debts and obligations for the Legislature cannot impose upon the county a duty that in itself or under specific conditions would contravene the provisions of the constitution. Thus we have held that an appropriation of money for a County Agricultural Agent and expenses of his work is not for a necessary governmental expense. The obligation or expenditure cannot be incurred if it results in exceeding the current revenue under the limitations of Sec. 157 of the Constitution, or in increasing the debt of the county beyond the limitations of Section 158. Carman v. Hickman County, 185 Ky. 630, 215 S. W. 408; Russell County Fiscal Court v. Russell County, 246 Ky. 529, 55 S. W. 2d 337. In such a case the Fiscal Court may and should refuse to make the appropriation, the strict language of the statute (247.300) to the contrary notwithstanding. Adair County Farm Bureau v. Fiscal Court of Adair County, 263 Ky. 23, 91 S. W. 2d 537.

In the present case it is proved that the reasonably anticipated current revenue of the county for the year is sufficient for the payment of its budget, which was prepared and approved as provided by law. This embraced

the payment on the sinking fund and interest on the bonded debt and other obligations, including the appropriation for the expense of the Agricultural Agent. The county has a bonded debt of $60,000 which represents the funding of floating debts. It requires an annual sinking fund payment of $3500. The only real point in the case is whether this entire bonded debt must be regarded as a current obligation and must be considered in connection with the question of whether the appropriation of $1100 would exceed the annual revenues. Any floating debt not incurred for necessary governmental expenses must be so regarded. Adair County Farm Bureau v. Fiscal Court of Adair County, supra; Swinburne v. City of Newport, 297, Ky. 820, 181 S. W. 2d 421. But where an accumulation of such debts has been bonded, and thereby converted from obligations payable on demand or during the year into obligations which mature and are payable in installments or specified sums in future years, as by a sinking fund, such separate amount must be regarded as an obligation or debt for that particular year and that sum only should be regarded as a current obligation in the estimate of revenues and expenses. Were that not so, no county having such a bonded debt could live, for its entire financial structure would be destroyed. Such conclusion is implicit in the plan authorized, as we have held, by the constitution. We apprehend that there will be few if any further funding bonds issued because of the recently enacted statutory limitations and the return by this court to the view that a casual deficit must be taken into consideration in the ensuing year.

By thus regarding the bonded debt of Allen County, it is clear that the statutory duty rested upon the Fiscal Court to make the appropriation as the Circuit Court adjudged.

The judgment is affirmed.